■ DANIEL CONROY, Appellant, v MARMON ENTERPRISES, INC., Defendant and Third-Party Plaintiff-Respondent. GARDEN WORLD, INC., Third-Party Defendant-Respondent. [678 NYS2d 372] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Lerner, J.), dated August 28, 1997, which, upon a jury verdict finding the plaintiff 65% at fault, the defendant third-party plaintiff Marmon Enterprises, Inc., 10% at

fault, and the third-party defendant, Garden World, Inc., 25% at fault in the happening of the accident, and upon the granting of the motion of the defendant third-party plaintiff Marmon Enterprises, Inc., and the third-party defendant Garden World, Inc., pursuant to CPLR 4404 for judgment as a matter of law, dismissed the complaint.

Ordered that the judgment is affirmed, with one bill of costs.

The plaintiff was injured when he fell off a forklift on which he was standing as it traveled over a speed bump, which had a 6-inch gap in it for drainage purposes. The plaintiff has failed to present any evidence that the defendant third-party plaintiff, Marmon Enterprises, Inc., the owner of the premises, was negligent, because he failed to establish that the speed bump was defective or constituted a dangerous condition (*see, Pilato v Diamond,* 209 AD2d 393). Moreover, to the extent that the plaintiff admitted to standing on the forklift for his convenience, he assumed the risk of injury (*see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315; *Elardo v Town of Oyster Bay,* 176 AD2d 912, 914, citing *Kush v City of Buffalo,* 59 NY2d 26, 33; *Sands v Bonnie View,* 230 AD2d 902). Mangano, P. J., Sullivan, Florio and McGinity, JJ., concur.