■ BARBARA E. WEAVER, as Administrator of the Estate of KENNETH R. WEAVER, Deceased, Respondent, v TIANI TRACKEY et al., Appellants. [707 NYS2d 530] —Mugglin, J. Appeal from an order of the Supreme Court (Dier, J.), entered January 21, 1999 in Warren County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff seeks to recover damages resulting from the death of her son, Kenneth R. Weaver, who drowned in the Hudson River after falling off a personal watercraft (commonly referred

to as a wave runner) owned by defendant Tiani Trackey.* On October 31, 1996, defendant Francis J. Ashe and Weaver borrowed the wave runner from Trackey. Trackey also loaned them her automobile and trailer to transport the wave runner to the river. Life jackets were available in the trunk of the automobile but neither Weaver nor Ashe used one. Weaver, a 32-year-old epileptic of somewhat limited intelligence (although he attended school into the 11th grade and eventually obtained a GED), had only one prior experience with a wave runner, which he could not successfully ride. Because Weaver was anxious to drive the wave runner, Ashe instructed him that letting off the gas stops the craft and not to take sharp turns. With Weaver standing on the shore, Ashe demonstrated the operation of the wave runner and repeated the oral instructions, which Weaver acknowledged he understood. Thereafter, with Ashe seated behind him, Weaver commenced operation of the craft but, contrary to instructions, when he turned the craft to return to the launch area, he let off the gas and both Weaver and Ashe fell off the craft. The wave runner floated away from them and they attempted to swim to shore. Ashe, although suffering from hypothermia, made it to shore but Weaver did not.

Following joinder of issue and discovery, defendants moved for summary judgment asserting assumption of risk as an absolute bar to recovery. Supreme Court denied the motion, finding that questions of fact existed concerning the adequacy of instructions given Weaver by Ashe regarding the operation of the wave runner, the applicability and effect of the defense of assumption of risk and the circumstances under which Weaver died. Defendants appeal, asserting that Weaver's assumption of the risk is a bar to recovery.

There must be a reversal. Prior to the enactment of the comparative negligence statute (CPLR 1411), assumption of risk was an absolute bar to a plaintiff's negligence action. After the enactment of that section, the doctrine of assumption of risk does not necessarily constitute a complete bar to liability (see, Arbegast v Board of Educ., 65 NY2d 161, 170), and its application is generally a question of fact to be resolved by a jury (see, Maddox v City of New York, 66 NY2d 270, 279). "[A]ssumption of risk is not an absolute defense but a measure of the defendant's duty of care and thus survives the enactment of the comparative fault statute" (Turcotte v Fell, 68 NY2d 432, 439). "[B]y engaging in a sport or recreational activity, a par-

---

* Trackey described this personal water craft as comparable to a snowmobile, with seating capacity for the driver and two passengers and with the capability of towing a waterskier.

ticipant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484). "Correspondingly, for purposes of determining the extent of the threshold duty of care, knowledge plays a role but inherency is the sine qua non" (*id.*, at 484). Although assumption of the risk is no longer treated as an absolute defense, it serves to delineate "the standard of care under which a defendant's duty is defined and circumscribed 'because assumption of risk in this form is really a principle of no duty, or no negligence and so denies the existence of any underlying cause of action. Without a breach of duty by the defendant, there is thus logically nothing to compare with any misconduct of the plaintiff'" (*id.*, at 485, quoting Prosser and Keeton, Torts § 68, at 496-497 [5th ed] [emphasis omitted]).

Plaintiff contends, however, that defendants are liable because they failed to adequately instruct Weaver in the operation of the water craft. We recognize that once an individual who has no duty undertakes a duty, he or she is required to perform it with due care (*see, e.g., Parvi v City of Kingston*, 41 NY2d 553, 559). We further note that there is no evidentiary support in this record which indicates that the instructions given were inadequate or beyond the capability of Weaver who, as the record demonstrates, could operate an automobile. Moreover, while the record demonstrates that Weaver was of somewhat limited intelligence, it does not demonstrate that this fact or his epileptic condition or his consumption of alcohol prevented him from fully understanding and realizing the risks inherent in operating the water craft while not wearing a life jacket. The record clearly shows that Weaver's awareness of normal hazards and the necessity of understanding appropriate precautions was not significantly limited, as he could understand and remember short and simple instructions and had the ability to carry those out. In short, plaintiff failed to come forward with competent, admissible evidence demonstrating a genuine triable issue of fact concerning either the instructions given by Ashe to Weaver regarding the operation of the wave runner or the breach of any duty owed to Weaver (*see, Zuckerman v City of New York*, 49 NY2d 557, 562).

It is obvious that the risk of death by drowning by boarding a wave runner while clad in a winter jacket, flannel shirt, jeans and workboots (but without a life jacket) to ride over the cold waters of the Hudson River on the last day of October is so inherently dangerous as to negate the existence of any duty of care owed by defendants to Weaver. The record reflects that

Weaver was of sufficient intelligence to recognize and appreciate the risks which he assumed. Moreover, the lack of duty bars any action in negligence regardless of the purpose behind the excursion taken by Weaver and Ashe.

Cardona, P. J., Mercure, Peters and Graffeo, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants and complaint dismissed.