■ WENDY WESTERVILLE, Respondent, v CORNELL UNIVERSITY, Appellant, et al., Defendants. [737 NYS2d 389] —In an action to recover damages for personal injuries, the defendant Cornell University appeals from an order of the Supreme Court, Westchester County (LaCava, J.), entered March 8, 2001, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The plaintiff, a mental health care professional attending a training seminar administered by the appellant, allegedly injured her left knee while being restrained by another attendee during a practice session designed to teach physical restraint techniques to control agitated patients. The Supreme Court denied the appellant's motion for summary judgment dismissing the complaint insofar as asserted against it. We reverse.

Voluntary participants in activities where there is an elevated risk of danger, typically sporting and entertainment events, "may be held to have consented, by their participation, to those injury-causing events which are known, apparent or reasonably foreseeable consequences of the participation" (*Turcotte v Fell,* 68 NY2d 432, 439; *see, Cohen v Heritage Motor Tours,* 205 AD2d 105, 108). Awareness of the risk should be "assessed against the background of the skill and experience of the particular plaintiff" (*Morgan v State of New York,* 90 NY2d 471, 486 [internal quotation marks omitted]), and does not include "unassumed, concealed or unreasonably increased risks" (*Benitez v New York City Bd. of Educ.,* 73 NY2d 650, 658; *see, Maddox v City of New York,* 66 NY2d 270).

The doctrine of primary assumption of the risk is applicable here, even though the plaintiff's injury did not result from a leisure or sporting activity. Both the Court of Appeals and this Court have held that the doctrine may bar recovery in matters concerning the voluntary participation in a dangerous nonsporting activity (*see, Watson v State of New York,* 52 NY2d

1022; *Conroy v Marmon Enters.,* 253 AD2d 839; *cf., Roe v Keane Stud Farm,* 261 AD2d 800).

The appellant established that the plaintiff had received extensive training in physical restraint techniques, and had trained new staff members at the psychiatric hospital at which she was employed. Many warnings were provided in the course materials, and the plaintiff was well aware of the risk of injury inherent in this activity. Accordingly, the appellant demonstrated prima facie entitlement to judgment as a matter of law on the theory of primary assumption of the risk (*see, Morgan v State of New York, supra; Sanperi v Junsch,* 274 AD2d 462; *Berry v Bally Total Fitness Corp.,* 272 AD2d 354; *Egger v St. Dominic High School,* 238 AD2d 542). In opposition, the plaintiff failed to raise a triable issue of fact. Therefore, the motion should have been granted.

In light of our determination, we need not address the appellant's argument concerning express assumption of the risk.

The plaintiff's remaining contentions are without merit. Prudenti, P.J., Altman, S. Miller and Cozier, JJ., concur.