■ Mary A. Martin et al., Appellants, v New York Hospital et al., Respondents. [745 NYS2d 32] —In an action, inter alia, to recover damages for medical malpractice, the plaintiffs appeal from an order of the Supreme Court, Kings County (Patterson, J.), dated February 14, 2001, which granted the separate motions of the defendants, New York Hospital and New York Blood Center, Inc., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motions are denied, and the complaint is reinstated.

After the plaintiff's decedent, Margaret Heinz, was transfused with one third of a unit of blood at the defendant New York Hospital (hereinafter the Hospital), she developed an adverse transfusion reaction and died soon thereafter. The Hospital's investigation of the incident revealed that the unit of blood was contaminated with a rare form of environmental bacteria called "serratia liquifaciens" and that the color of the transfused blood appeared abnormal when it was brought back to the Hospital's blood bank shortly after the operation.

The German Red Cross collected blood for use in the United States pursuant to a license given to the defendant New York Blood Center, Inc. (hereinafter the Blood Center), by the United States Food and Drug Administration. When units of blood were available in excess of its local needs, the German Red Cross shipped the excess to the Blood Center. The subject unit of blood was originally collected in Germany by the German Red Cross and transported to the Blood Center, which then transported the blood to the Hospital.

Mary A. Martin, as administratrix of Heinz's estate, and Ann Windsor, as executrix of the estate of Heinz's husband, Joseph Heinz, commenced this action against the Hospital and the Blood Center. The plaintiffs alleged, inter alia, that the Blood Center was negligent in failing to properly sterilize the donor's skin during the collection process, and the Hospital was negligent in transfusing patently defective blood into Heinz. The Supreme Court granted the defendants' respective motions for summary judgment.

The Supreme Court improperly granted the motion of the Blood Center, since it failed to meet its initial burden of proof (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851). Under the circumstances, there are questions of fact as to whether the subject blood became contaminated as a result of the negligence of the Blood Center in failing to follow proper aseptic procedures during the collection process (*see Krygier v Airweld, Inc.,* 199 AD2d 310; *Muniz v American Red Cross,* 141 AD2d 386). The Supreme Court should not have considered the contention of the Blood Center that it did not control the German Red Cross, since it was raised for the first time in its reply papers and the plaintiffs did not have sufficient time to address the issue (*see Matter of TIG Ins. Co. v Pellegrini,* 258 AD2d 658). In any event, in light of the deposition testimony of the Blood Center's director of regulatory affairs that it was "responsible for what [went] on [at the German Red Cross] and the quality of the processes that [took] place [there]," there are questions of fact as to whether any negligence on part of the German Red Cross can be imputed to the Blood Center (*see Rosenberg v Equitable Life Assur. Socy. of U.S.,* 79 NY2d 663).

The Supreme Court also improperly granted the Hospital's motion. After the Hospital made a prima facie showing that it was entitled to judgment as a matter of law, the plaintiffs demonstrated the existence of a triable issue of fact with respect to the Hospital's inspection of the subject blood before it was transfused (*cf. Zuckerman v City of New York,* 49 NY2d 557, 562). Santucci, J.P., Altman, S. Miller and McGinity, JJ., concur.