Stickles v Fuller (2004 NY Slip Op 24015)

Stickles v Fuller

2004 NY Slip Op 24015 [2 Misc 3d 954]

January 13, 2004

Supreme Court, Columbia County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, May 12, 2004

[*1]
Tracy Stickles, as Administratrix of the Estate of Peter Stickles, Deceased, Plaintiff,
v
James Fuller et al., Defendants.

James Fuller et al., Third-Party Plaintiffs, 
 v Fred Barringer et al., Third-Party Defendants.
Supreme Court, Columbia County, January 13, 2004

APPEARANCES OF COUNSEL

Francis Roche, for James Fuller and another, defendants and third-party plaintiffs. Roche, Corrigan, McCoy & Bush for MacNair Hyney, defendant. Finkelstein, Levine, Gittelsohn & Partners, LLP, for plaintiff. Kris T. Jackstadt for Unadilla Silo Company, Inc., defendant. Hanlon, Veloce & Wilkinson for Marietta Structures Corp., defendant. O'Shea, McDonald & Stevens for N.Y.S. Madison Silo, Inc., defendant. James P. O'Connor for Fred Barringer, third-party defendant. Davis & Trotta for Donna Barringer, third-party defendant.

{**2 Misc 3d at 955} OPINION OF THE COURT

John G. Connor, J.
Defendants, James Fuller and Nancy Fuller Brusie (hereinafter the owners), move for an order pursuant to CPLR 3212 granting summary judgment dismissing the complaint as to the owners on the grounds that (1) plaintiff's decedent (hereinafter Stickles) assumed the risk of being overcome by silo gas, (2) the owners are not liable since they are out-of-possession landlords, and (3) the owners had no actual or constructive notice of the alleged dangerous or defective condition that caused Stickles' death. Defendant, MacNair Hyney, also known as MacHyney, cross-moves for an order granting summary judgment under the doctrine of assumption of risk. Plaintiff opposes both the motion and cross motion and alleges that questions of fact preclude summary judgment.
The instant action arose as a result of Stickles' suffocation in a silo located on the owners' dairy farm. Stickles was employed by the owners' tenants as a farmhand. As part of his duties he was to climb up inside of the silos and shovel corn into a bin below to feed the cows. [*2]As Stickles began to climb up the inside of {**2 Misc 3d at 956}the silo he allegedly began to smell gas. Nonetheless he continued up the silo to the top where he was overcome by silo gas and died. His coworker alleges that he told Stickles that maybe he should not proceed up the silo if he smelled gas. Stickles' coworker climbed up the silo after Stickles was overcome and also was overcome by silo gas but fortunately survived.
First the court will examine whether the owners could be liable as out-of-possession landlords. An out-of-possession landlord cannot be held liable for injuries that occur on the premises unless the landlord retains control over the premises or over the operation of the business conducted on the premises. (See, Putnam v Stout, 38 NY2d 607 [1976]; Dalzell v McDonald's Corp., 220 AD2d 638 [2d Dept 1995].) An out-of-possession landlord is liable to persons on his land with the consent of the tenant for injuries caused by a condition of disrepair if (1) the landlord has contracted by a covenant in the lease to keep the land in repair, (2) the disrepair creates an unreasonable risk to persons on the landlord's land which performance of the covenant would have prevented, and (3) the landlord fails to exercise reasonable care to perform the contract. (See, Putnam v Stout, supra.) Furthermore, an out-of-possession landlord who undertakes a course of conduct demonstrating that the landlord has assumed responsibility to maintain a particular portion of the premises also creates a duty on the part of the landlord to protect persons on said portions of their land from unreasonable hazards. (See, Gelardo v ASMA Realty Corp., 137 AD2d 787 [2d Dept 1998].) Here the owners covenanted in the lease to make "all major repairs not occasioned by the negligence of the tenant." The owners contracted with MacHyney to replace the roof on the silo where the accident took place and failed to provide any venting, except for the doors in the silo itself, or any ventilation system. Plaintiff alleges that the failure to provide adequate ventilation when installing the silo roof, on a previously open silo, created an unreasonable risk to farm workers of being overcome by silo gas. In addition, the owners assumed the responsibility to place a roof on the formerly open silo and thereby created a duty on the part of the owners to protect persons using the silo from unreasonable hazards. Notwithstanding the aforesaid, no blower or other equipment was available to remove excess silo gas nor was any equipment available to remove the corn from the silo otherwise than by hand. Accordingly, the court finds that the owners' motion for summary {**2 Misc 3d at 957}judgment as out-of-possession landlords must be denied.
With respect to the owners' argument pertaining to lack of notice of the defective or dangerous condition, the owners by their acts or omissions allegedly created the dangerous or defective condition by failing to provide adequate ventilation when installing a roof on a previously open silo. Consequently, the owners had actual or constructive notice of the dangerous or defective condition. Furthermore, the owners admit that they are aware of the dangers posed by the buildup of silo gases and the need to provide ventilation for the same. Thus, the owners had notice of the dangerous or defective condition of the silo where the accident took place.
On a motion for summary judgment the moving party has the initial burden to make a prima facie showing that it is entitled to judgment as a matter of law. Only when the initial burden is met does the burden shift to the opposing party to produce evidentiary proof, also in admissible form, to raise material triable issues of fact requiring trial of the action. (See, Miccio v Skidmore Coll., 180 AD2d 983 [3d Dept 1992]; Tessier v New York City Health & Hosps. Corp., 177 AD2d 626 [2d Dept 1991]; Wilder v Rensselaer Polytechnic Inst., 175 AD2d 534 [3d Dept 1991].) Summary judgment is a drastic remedy and should not be granted if there is any doubt as to the existence of a triable issue of fact. (Moskowitz v Garlock, 23 AD2d 943 [3d Dept 1965].) The court's function when deciding a motion for summary judgment is issue finding rather than issue determination. (Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395 [1957].) If an issue is arguable, trial is needed and the case may not be disposed of summarily. (Barrett v Jacobs, 255 NY 520 [1931].) If the court has any doubt as to whether a triable issue of fact exists, summary judgment should be denied. (Daliendo v Johnson, 147 AD2d 312 [2d Dept 1989].)
With respect to the question of whether Stickles assumed the risk of being overcome by silo gas, defendant relies upon the case of Weaver v Trackey (272 AD2d 705 [3d Dept 2000]). In Weaver the Court held that a young man who drowned when he fell off of a wave runner had assumed the risk of drowning even though he had only one prior experience as a wave runner rider. The principal cases on the doctrine of assumption of risk are Morgan v State of New York, Beck v Scimeca, and Chimerine v World Champion John Chung Tae Kwon Do Inst. (90 NY2d 471 [1997]). The Court of Appeals decided the aforesaid cases collectively{**2 Misc 3d at 958} on July 2, 1997. In the aforesaid cases the Court found that plaintiffs assumed inherent risks as part of their particular activities and, therefore, the defendant owners/operators of the athletic facilities where plaintiffs were injured owed the respective plaintiffs no duty of care. (Id. at 479.)
As in the aforementioned cases, the defense of assumption of risk is not an absolute defense but a measure of defendant's duty of care and thus survives the enactment of CPLR 1411. (See, Turcotte v Fell, 68 NY2d 432, 439 [1986].) By voluntarily engaging in a sport activity such as riding a wave runner, "a participant consents to the commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation." (Morgan, supra at 484.) While knowledge of the risk plays a role, whether the risk is inherent in the activity engaged in is the crucial determination. (Id. at 484; see also Maddox v City of New York, 66 NY2d 270 [1985]; Turcotte v Fell, supra.) The test for the court is "whether the conditions caused by the defendants' negligence are unique and created a dangerous condition over and above the usual dangers that are inherent in the sport." (Morgan, supra at 485 [internal quotation marks omitted].) Thus, in determining whether the defendant had a duty of care the court must consider whether defendant's negligent acts or omissions substantially caused the events which led to plaintiff's injury. (Id.) The plaintiff must have knowledge of any defect caused by defendant and an appreciation for the risk associated with his participation for the assumption of risk doctrine to apply. (Id. at 486.) This court must, therefore, examine the facts of the instant case against the blueprint set forth by the Court of Appeals.
Here the court finds that the risk of being overcome by silo gas is not inherent in any sport activity that the deceased plaintiff chose to participate in, but rather was a risk he encountered in the course of his employment. At the time of the accident plaintiff was climbing up the inside of a silo to shovel corn into a bin below so that he could feed his employers' cows. The negligence here derives not from the activity but from the construction of the silo without proper ventilation, the lack of other methods for removing the corn from the silo, the lack of proper equipment to safely remove noxious gases from the silo, and the lack of adequate warnings for farmhands conducting their daily work. Being overcome and ultimately [*3]suffocating from silo gas is not an inherent risk in the job of a farmhand. Furthermore, {**2 Misc 3d at 959}there is no evidence that Stickles or his coworker had knowledge of any defect caused by the defendants and an appreciation for the risk associated with his entering the silo. The fact that he may have smelled silo gas does not in and of itself indicate that he appreciated the risks associated with entering the silo. The failure to provide adequate ventilation when placing a roof on a previously open silo, and to provide adequate equipment to remove noxious gases from a silo, or equipment to alleviate the need for farm workers to enter the same, created a dangerous condition consanguine to the construction and ordinary maintenance of the silo on the property; the resulting hazard was unique, and created a dangerous condition over and above the usual dangers inherent in farming activities. (See, Morgan, supra.) Thus, the court finds that the assumption of risk doctrine does not apply to the facts of the instant case.