■ CRISTALLEE CARRERO et al., Appellants, v 266 HIMROD ASSOCIATES, LLC, et al., Respondents. [770 NYS2d 747]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Martin, J.), dated September 4, 2002, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Wyomi Carrero, the mother of the infant plaintiffs, alleged that the infant plaintiffs sustained lead poisoning as a result of exposure to lead paint in their apartment located within a building owned by the defendants. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint.

Based upon proof that the apartment had been completely renovated prior to the mother's occupancy, as well as an inspection conducted by the New York City Department of Health subsequent to the birth of the infant plaintiffs, the defendants established that no lead paint was present in the plaintiffs' apartment. In any event, even assuming the presence of a hazardous lead-paint condition, there was no evidence that the defendants had actual or constructive notice of such a situation. Accordingly, the defendants established their prima facie entitlement to judgment as a matter of law and the burden shifted to the plaintiffs to demonstrate the existence of a triable issue of fact (*see Saunders v Baker,* 285 AD2d 497, 498 [2001]).

In order to prevail, it was incumbent upon the plaintiffs to lay bare their proof as to the defendants' actual or constructive notice of the alleged lead-paint hazard (*see Juarez v Wavecrest Mgt. Team,* 88 NY2d 628 [1996]; *Andrade v Wong,* 251 AD2d 609 [1998]). The plaintiffs failed to discharge this burden (*see Brown v Marathon Realty,* 170 AD2d 426, 427-428 [1991]). There is no evidence in the record that the defendants had actual or constructive notice of a chipped or peeling paint condition inside the apartment, which would have triggered a presumption that a hazardous lead-paint condition existed (*see Juarez v Wavecrest Mgt. Team, supra* at 647). Accordingly, the plaintiffs failed to raise an issue of fact as to whether the defendants should have known of a lead-paint condition, and the Supreme Court properly granted the motion for summary judgment dismissing the complaint (*see Chapman v Silber,* 97 NY2d 9, 22 [2001]).

The plaintiffs' remaining contentions are without merit. Santucci, J.P., Schmidt, Adams and Crane, JJ., concur.