◼ JUANITO SY, Respondent, v ELENA KOPET et al., Appellants. [795 NYS2d 75]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Hubsher, J.), dated June 8, 2004, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

On October 5, 2001, at approximately 9:00 P.M., the plaintiff returned home to his second floor boarding room in a two-family house and observed that a padlock had been placed on his door. The defendant landlord Elena Kopet placed the padlock on the door earlier in the day because the plaintiff was several months behind in paying rent. The plaintiff, upon observing the padlock, went outside and attempted to enter his room from an open second floor window. As he climbed to access the window, he slipped and fell, sustaining serious injuries.

Thereafter, the plaintiff commenced this action against Mrs. Kopet and her husband, the defendant Ronald Kopet, alleging they were negligent in locking him out of his residence. The Supreme Court denied the defendants' motion for summary judgment dismissing the complaint. We reverse.

The doctrine of primary assumption of the risk relieved the defendants of any duty of care that they may have owed the plaintiff, even though the plaintiff's injury did not result from a leisure or sporting activity (*see Westerville v Cornell Univ.*, 291 AD2d 447 [2002]; *see also Davis v Kellenberg Mem. High School*, 284 AD2d 293 [2001]; *Conroy v Marmon Enters.*, 253 AD2d 839 [1998]; *Bennett v Town of Brookhaven*, 233 AD2d 356 [1996]).

The plaintiff assumed the risk of injury in attempting to enter his room through the second story window by climbing window-guardrails and a gutter on the outside of the house (*see Belloro v Chicoma*, 8 AD3d 598, 599 [2004]). Accordingly, the defendants demonstrated their prima facie entitlement to judgment as a matter of law. In opposition, the plaintiff failed to raise a triable issue of fact. Therefore, the Supreme Court should have granted the motion for summary judgment.

In light of our determination, the parties' remaining contentions have been rendered academic. H. Miller, J.P., Cozier, Rivera and Skelos, JJ., concur.