■ REGGIE LEWIS et al., Respondents, v EDWIN BOYCE, Appellant, et al., Defendant. [817 NYS2d 659]—

In an action to recover damages for personal injuries, the defendant Edwin Boyce appeals from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated April 5, 2005, as denied his cross motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs allege that, while residing in a two-family house co-owned by the defendant Edwin Boyce, the infant plaintiff was exposed to lead paint and suffered lead poisoning. On his cross motion for summary judgment, Boyce argued that he was entitled to dismissal of the complaint as a matter of law because he did not have notice of peeling or chipping paint at the subject residence prior to receiving an order to abate nuisance (*see Chapman v Silber,* 97 NY2d 9 [2001]).

Boyce established his prima facie entitlement to judgment as a matter of law (*see Carrero v 266 Himrod Assoc.,* 3 AD3d 516, 517 [2004]). In opposition however, the plaintiffs raised a triable issue of fact as to when Boyce was put on notice of the allegedly dangerous condition (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). Accordingly, the Supreme Court properly denied Boyce's cross motion (*see Galicia v Ramos,* 303 AD2d 631, 632-633 [2003]).

Boyce's argument that there was no evidence that the infant plaintiff ingested lead paint or suffered additional injury from exposure thereto subsequent to his receipt of notice of the condition was improperly raised for the first time in his reply papers (*see Carolan v Carolan,* 26 AD3d 402 [2006]; *Martin v New York Hosp.,* 295 AD2d 485, 486 [2002]). Under the circumstances, this Court will not consider the argument. Adams, J.P., Santucci, Lunn and Dillon, JJ., concur.