VIVIAN WHITLEY, Respondent, v BUFFALO MUNICIPAL HOUSING AUTHORITY, Appellant. [824 NYS2d 509]—

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered June 5, 2006 in a personal injury action. The order denied defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this negligence action seeking damages for injuries she sustained when she slipped and fell on snow and slush on defendant's sidewalk. According to plaintiff, defendant had actual or constructive notice of the dangerous condition. In support of its motion for summary judgment, defendant contended, inter alia, that it lacked such notice. We conclude that Supreme Court properly denied the motion because defendant failed to meet its initial burden of establishing that it lacked actual or constructive notice of the condition at issue (*see Chrisler v Spencer*, 31 AD3d 1124 [2006]; *Santerre v Golub Corp.*, 11 AD3d 945, 947 [2004]). Although defendant established that plaintiff did not report the condition to it, defendant did not establish that no one else had reported the condition and therefore failed to establish that it lacked actual notice as a matter of law. With respect to constructive notice, defendant failed to establish that the condition did not "exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *see Bailey v Curry*, 1 AD3d 1059, 1059-1060 [2003]; *Perrone v Ilion Main St. Corp.*, 254 AD2d 784 [1998]). The contention of defendant that its actions were reasonable is raised for the first time in its reply papers, and we therefore do not consider it (*see Lewis v Boyce*, 31 AD3d 395, 396 [2006]; *Martin v New York Hosp.*, 295 AD2d 485, 486 [2002]). Present—Scudder, J.P., Kehoe, Gorski, Smith and Pine, JJ.