JASON SHAW, Appellant, v MICHAEL LIEB et al., Respondents. [836 NYS2d 213]—

In an action to recover damages for personal injuries, the plaintiff appeals, (1) as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Mahon, J.), dated November 30, 2005, as granted that branch of the motion of the defendants William Fitzpatrick, William Fitzpatrick, Jr., and Nissan Motor Acceptance Corp. which was for summary judgment dismissing the complaint insofar as asserted against them and granted that branch of the separate motion of the defendant Mystique Bar which was for summary judgment dismissing the complaint insofar as asserted against it (2), as limited by his brief, from so much of an order of the same court dated May 19, 2006, as, upon renewal, vacated the provision of the order dated November 30, 2005, denying that branch of the motion of the defendant Michael Lieb which was for summary judgment dismissing the complaint insofar as asserted against him,

granted that branch of the motion of the defendant Michael Lieb which was for summary judgment dismissing the complaint insofar as asserted against him, and denied that branch of the plaintiff's cross motion which was for leave to renew that branch of the prior motion of the defendants William Fitzpatrick, William Fitzpatrick, Jr., and Nissan Motor Acceptance Corp. which was for summary judgment dismissing the complaint insofar as asserted against them, and (3) from a judgment of the same court dated July 31, 2006, which, upon the orders dated November 30, 2005, and May 19, 2006, is in favor of the defendants and against him dismissing the complaint.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The plaintiff was standing on the rear bumper of a moving vehicle when he fell off and struck his head against the pavement. Earlier, he had been drinking with some of his friends at the Mystique Bar.

The defendants Michael Lieb, Nissan Motor Acceptance Corp., William Fitzpatrick, and William Fitzpatrick, Jr., established their entitlement to judgment as a matter of law by demonstrating that the plaintiff assumed 100% of the risk of injury when he chose to ride on a vehicle while standing on its rear bumper (see Morgan v State of New York, 90 NY2d 471, 482-486 [1997]; Sy v Kopet, 18 AD3d 463 [2005]; Belloro v Chicoma, 8 AD3d 598 [2004]; Westerville v Cornell Univ., 291 AD2d 447 [2002]; Davis v Kellenberg Mem. High School, 284 AD2d 293 [2001]; Conroy v Marmon Enters., 253 AD2d 839 [1998]). In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact.

The defendant Mystique Bar established its entitlement to judgment as a matter of law by demonstrating that Lieb, the driver of the moving vehicle, was not intoxicated and that the plaintiff was injured as a result of his own voluntary intoxication (see Sheehy v Big Flats Community Day, 73 NY2d 629, 636-637 [1989]; Greco v Begley, 4 AD3d 505 [2004]; Livelli v Teakettle

*Steak House,* 212 AD2d 513 [1995]). In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact.

The Supreme Court properly denied that branch of the plaintiff's cross motion which was for leave to renew, since he did not submit "new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]).

In light of our determination, we do not reach the merits of the parties' remaining contentions. Schmidt, J.P., Santucci, Florio and Balkin, JJ., concur.