■ MITCHELL FARNHAM et al., Respondents, v BRIAN J. MEDER et al., Appellants. [845 NYS2d 619]—

Appeal from an order of the Supreme Court, Chautauqua County (Paula L. Feroleto, J.), entered May 10, 2006 in a personal injury action. The order denied defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this negligence action seeking damages for injuries sustained by Mitchell Farnham

(plaintiff) when defendants' bull turned and knocked him to the ground while plaintiff was chasing the bull from plaintiffs' property. Defendants moved for summary judgment dismissing the complaint on the ground that "plaintiff's activities . . . [in chasing the bull] constitute primary assumption of [the] risk." We conclude that Supreme Court properly denied defendants' motion.

"The doctrine of primary assumption of the risk generally constitutes a complete defense to an action to recover damages for personal injuries . . . and applies to the voluntary participation in sporting activities . . . as well as to the voluntary participation in nonsporting activities, both proper and improper, which involve an elevated risk of danger" (*Giugliano v County of Nassau*, 24 AD3d 504, 505 [2005]; *see generally Turcotte v Fell*, 68 NY2d 432, 438-441 [1986]). While defendants are correct that the doctrine has been applied to activities other than sporting, recreational and entertainment activities (*see e.g. Watson v State of New York*, 77 AD2d 871 [1980], *affd* 52 NY2d 1022 [1981]; *Sy v Kopet*, 18 AD3d 463 [2005], *lv denied* 6 NY3d 710 [2006]; *Belloro v Chicoma*, 8 AD3d 598 [2004]; *Westerville v Cornell Univ.*, 291 AD2d 447, 447-448 [2002]), we nevertheless conclude under the circumstances of this case that summary judgment is inappropriate. It cannot be said as a matter of law that the risk of injury in chasing this particular bull was "fully comprehended or perfectly obvious" (*Turcotte*, 68 NY2d at 439; *see e.g. Kremerov v Forest View Nursing Home, Inc.*, 24 AD3d 618, 620 [2005]; *Weller v Colleges of the Senecas*, 217 AD2d 280, 283 [1995]). Indeed, the record establishes that plaintiff was fully familiar with defendants' bull and had in fact chased the bull from plaintiffs' property on prior occasions. At no time had the bull ever acted aggressively toward plaintiff, and thus plaintiff had no reason to assume that the bull would do so on this particular occasion. In our view, "plaintiff's voluntary decision to [chase the bull] 'is simply a factor relevant in the assessment of culpable conduct' " (*Weller*, 217 AD2d at 284; *see* CPLR 1411).

Finally, the contention of defendants that they cannot be held liable for plaintiff's injuries because they had no prior notice that the bull had vicious propensities is improperly raised for the first time in defendants' reply papers, and we therefore do not consider it (*see Whitley v Buffalo Mun. Hous. Auth.*, 34 AD3d 1368, 1369 [2006]; *Lewis v Boyce*, 31 AD3d 395, 396 [2006]; *O'Neil v Holiday Health & Fitness Ctrs. of N.Y.*, 5 AD3d 1009, 1010 [2004]). Present—Scudder, P.J., Hurlbutt, Lunn, Fahey and Pine, JJ.