■ CHUNQI LIU et al., Appellants, v HOWARD WONG et al., Defendants, and LIN's ASSOCIATES, INC., Respondent. [849 NYS2d 84]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Queens County (Dorsa, J.), dated August 16, 2006, which granted the motion of the defendant Lin's Associates, Inc., for summary judgment dismissing the complaint insofar as asserted against it, and (2), as limited by their brief, from so much of an order of the same court dated March 7, 2007, as denied that branch of their motion which was for leave to renew their opposition to the motion of the defendant Lin's Associates, Inc.

Ordered that the order dated March 7, 2007 is reversed insofar as appealed from, on the law, the facts, and as an exercise of discretion, that branch of the plaintiffs' motion which was for leave to renew their opposition to the motion of the defendant Lin's Associates, Inc., is granted, the order dated August 16, 2006 is vacated, and upon renewal, the motion of the defendant Lin's Associates, Inc., for summary judgment dismissing the complaint insofar as asserted against it is denied; and it is further,

Ordered that the appeal from the order dated August 16, 2006 is dismissed as academic in light of our determination of the appeal from the order dated March 7, 2007; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The plaintiff Chunqi Liu allegedly sustained injuries when he fell approximately 10 feet from deficient scaffolding at a renovation site owned by the defendants Howard Wong and Mei Wong (collectively hereinafter Wong). The plaintiffs asserted a common-law negligence cause of action and causes of action alleging violations of Labor Law §§ 200, 240 (1), and § 241 (6) against, among others, the defendant Lin's Associates, Inc. (hereinafter Lin's Associates), the alleged general contractor for the renovation project.

After the plaintiffs failed to abide by the terms of a court-ordered discovery stipulation, Lin's Associates moved for summary judgment dismissing the complaint insofar as asserted against it. The plaintiffs opposed the motion arguing, in part, that it was premature since depositions had not been completed. The Supreme Court granted the motion. Thereafter, the plaintiffs moved, inter alia, for leave to renew their opposition to the motion, which the Supreme Court denied.

The Supreme Court improvidently denied that branch of the plaintiffs' motion which was for renewal. "A motion for leave to renew must be based upon new facts not offered on the prior motion that would change the prior determination, and the motion must also contain a reasonable justification for the failure to present such facts on the prior motion" (*Peycke v Newport Media Acquisition II, Inc.*, 40 AD3d 722, 722 [2007]; *see* CPLR 2221 [e]; *Shaw v Lieb*, 40 AD3d 740, 742 [2007]; *Kreusi v City of New York*, 40 AD3d 820, 822 [2007]). Here, the plaintiffs proffered such evidence by submitting a determination of the Workers' Compensation Board filed October 19, 2006, and explaining that this determination was reached after the Supreme Court issued its order regarding Lin's Associates' motion for summary judgment. This decision found that Lin's Associates was the general contractor for the subject renovation project (*see McRae v Sears, Roebuck & Co.*, 2 AD3d 419, 419-420 [2003]; *O'Gorman v Journal News Westchester*, 2 AD3d 815, 816-817 [2003]). Accordingly, the Supreme Court should have granted that branch of the plaintiffs' motion which was for renewal and, upon renewal, should have denied Lin's Associates' motion for summary judgment since this evidence raised triable issues of fact as to whether Lin's Associates was the general contractor and if so, whether it was involved in the subject renovation project.

The parties' remaining contentions are without merit. Miller, J.P., Lifson, Angiolillo and McCarthy, JJ., concur.