NAKIA THOMPSON, Appellant, v STATE OF NEW YORK, Respondent. [881 NYS2d 148]—

In a claim to recover damages for personal injuries based, inter alia, on negligence in the supervision of a corrections officer in a State prison, the claimant appeals from a judgment of the Court of Claims (Ruderman, J.), dated August 28, 2007, which, after a nonjury trial, is in favor of the defendant and against her, dismissing the claim.

Ordered that the judgment is affirmed, with costs.

The claimant, then an inmate at the Bedford Hills Correctional Facility, allegedly was statutorily raped by a corrections officer several times in February 2002 and March 2002 (*see* Penal Law § 130.05 [3] [e]). The Department of Correctional Services Inspector General's Office conducted an internal investigation. Although the investigation resulted in a finding that the allegation of an unauthorized relationship was substantiated, the allegation of a sexual relationship was not substantiated. Following a nonjury trial on the issue of liability, the Court of Claims determined that the State was not negligent and dismissed the claim. We affirm.

Upon review of a determination rendered after a nonjury trial, this Court's authority is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford,* 60 NY2d 492, 499 [1983]). The Court of Claims discredited the claimant's allegations that she engaged in a sexual relationship with the corrections officer. We discern no basis to

disturb the court's finding. "Face to face with living witnesses the original trier of the facts holds a position of advantage from which appellate judges are excluded. In doubtful cases the exercise of his [or her] power of observation often proves the most accurate method of ascertaining the truth" (*Boyd v Boyd,* 252 NY 422, 429 [1930]). Since the only evidence introduced regarding the alleged sexual relationship was the testimony of the claimant and she was found not to be credible, the Court of Claims properly found that claimant had not met her burden and dismissed the complaint. Prudenti, P.J., Spolzino, McCarthy and Leventhal, JJ., concur.