In a claim to recover damages for unjust conviction and imprisonment pursuant to Court of Claims Act § 8-b, the defendant appeals, as limited by its notice of appeal and brief, from so much of a judgment of the Court of Claims (Schweitzer, J.), dated April 8, 2009, as, upon a decision of the same court dated March 16, 2009, made after a nonjury trial on the issue of damages, awarded the claimant nonpecuniary damages in the principal sum of $1,750,000, and the claimant cross-appeals, as limited by his notice of cross appeal and brief, from so much of the same judgment as failed to award him damages for future lost earnings and awarded him damages for past lost earnings in the principal sum of only $343,428.
Ordered that the judgment is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, with costs to the defendant, the award of nonpecuniary damages is reduced from the principal sum of $1,750,000 to the principal sum of $1,000,000, and the matter is remitted to the Court of Claims for the entry of an appropriate amended judgment; and it is further,
Ordered that the judgment is affirmed insofar as cross-appealed from, without costs or disbursements.
The claimant brought this claim to recover damages for unjust conviction and imprisonment pursuant to Court of Claims Act § 8-b after this Court reversed his criminal conviction on the grounds that the claimant was deprived of the effective assistance of counsel and the People committed prosecutorial misconduct by knowingly withholding, until the eve of trial, medical records which tended to exonerate him (see Baba-Ali v *941 State of New York, 20 AD3d 376 [2005]). On a prior appeal in this action, we determined that the claimant was entitled to summary judgment on the issue of liability (id.).
The decision of the Court of Claims not to award the claimant damages for future lost earnings and to award him damages for past lost earnings in the principal sum of only $343,428 was warranted by the facts (see Thompson v State of New York, 63 AD3d 825 [2009]), and was not against the weight of the evidence (see Kojtari v State of New York, 282 AD2d 437 [2001]). However, under the circumstances of this case, the award of nonpecuniary damages deviated materially from what would be considered reasonable compensation to the extent indicated (see CPLR 5501 [c]). Skelos, J.P., Santucci, Leventhal and Hall, JJ., concur. [Prior Case History: 24 Misc 3d 1137 576 (2009).]