# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1036
CA 12-00489
PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

MARTIN OZOG AND AMANDA OZOG,
PLAINTIFFS-RESPONDENTS,

V                                                          MEMORANDUM AND ORDER

WESTERN NEW YORK MOTOCROSS ASSOCIATION AND
PALMYRA RACING ASSOCIATION, DEFENDANTS-APPELLANTS.

---

GOLDBERG SEGALLA, LLP, SYRACUSE (KENNETH M. ALWEIS OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

HODGSON RUSS LLP, BUFFALO (JULIA M. HILLIKER OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Wayne County (Daniel G. Barrett, A.J.), entered June 21, 2011 in a personal injury action. The order denied the motion of defendants for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Martin Ozog (plaintiff), an experienced motocross driver, commenced this action seeking damages for injuries that he sustained while he was participating in a motocross race organized and sponsored by defendants. According to plaintiff, he was injured when one or more race participants collided with him on the track after he was thrown from his motocross vehicle. Supreme Court properly denied defendants' motion for summary judgment dismissing the complaint. Although defendants met their initial burden on the motion by establishing that plaintiff assumed the risk of his injury, we conclude that plaintiffs raised an issue of fact sufficient to defeat the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). Plaintiffs presented evidence that the flag person at the location where plaintiff was injured either was not trained properly or did not act appropriately to warn oncoming racers that plaintiff had fallen from his vehicle and was on the track. Plaintiffs thereby raised an issue of fact whether an allegedly improperly trained or negligent flag person is a risk inherent in the sport of motocross racing (*see Owen v R.J.S. Safety Equip.*, 79 NY2d 967, 969-970; *Rosati v Hunt Racing, Inc*., 13 AD3d 1129, 1130).

Defendants' further contention that any negligence attributable to them was not a proximate cause of plaintiff's injuries is raised for the first time in defendants' reply papers and thus is not

properly before us (*see Farnham v Meder*, 45 AD3d 1315, 1316; *Whitley v Buffalo Mun. Hous. Auth.*, 34 AD3d 1368, 1369).