Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered June 28, 2013, which, to the extent appealed from as limited by the briefs, granted so much of the motion of defendants Robert A. Dvorak and Diane L. Dvorak as sought summary judgment dismissing plaintiffs claims against Diane, and denied so much of the motion as sought summary judgment dismissing plaintiffs claims against Robert, unanimously modified, on the law, to deny the motion as to Diane, and otherwise affirmed, without costs. Order, same court and Justice, entered June 28, 2013, which, to the extent appealed from as limited by the briefs, granted the motions of defendants Neighborhood Partnership Housing Development Fund Company, Inc., and 168th Street Development L.E (the Neighborhood defendants), and of Bronx Pro Real Estate Company and Julio Saldana (the Bronx defendants) for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
In this action, plaintiffs allege that the infant plaintiff suf *634 fered injuries as a result of exposure to lead-based paint hazards, while residing in a single family house in Babylon, New York, and in a renovated apartment in the Bronx. The Dvorak defendants owned the Babylon premises, and the Bronx defendants owned and/or managed the Bronx premises.
The motion court correctly found that plaintiffs raised questions of fact as to whether Robert A. Dvorak had constructive notice of lead-based paint in the Babylon premises, since they presented evidence that he entered the premises, made repairs, knew that the building was constructed before the banning of lead-based interior paint, was aware that paint was peeling on the premises, knew of the hazards of lead-based paint to young children, and knew that a young child lived in the house (see Chapman v Silber, 97 NY2d 9, 15 [2001]).
The motion court should not have granted summary judgment to Diane L. Dvorak, since, as a tenant by the entirety with her husband Robert, she may be held vicariously liable for his actions toward the property (see Buran v Coupal, 87 NY2d 173, 179 n 2 [1995], affg 213 AD2d 863 [3d Dept 1995]).
The motion court properly granted the Bronx defendants’ motion for summary judgment. Prior to plaintiffs’ residence in the Bronx apartment, the Bronx defendants gut renovated the building, replaced the interior, and painted with lead-free paint. They provided evidence demonstrating that there was no lead-based paint hazard in the building when plaintiffs moved into the apartment, and there is no evidence in the record of any peeling-paint condition inside the apartment (see Juarez v Wavecrest Mgt. Team, 88 NY2d 628, 647 [1996]; Carrero v 266 Himrod Assoc., 3 AD3d 516, 517 [2d Dept 2004]). Concur— Gonzalez, PJ., Sweeny, Moskowitz, Richter and Clark, JJ.