■ ADAM F. RUBIN, Respondent, v HICKSVILLE UNION FREE SCHOOL DISTRICT, Appellant. [669 NYS2d 359] —In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme

Court, Nassau County (Lockman, J.), entered April 3, 1997, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

In general, a person who is injured while voluntarily participating in a sporting event has no legal recourse if his injuries were caused by an occurrence or condition which was a " 'known, apparent or reasonably foreseeable consequenc[e] of the participation' " (*Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 657, quoting *Turcotte v Fell*, 68 NY2d 432, 439; *see also, Hoffman v City of New York*, 172 AD2d 716). Relieving an owner or operator of a sporting venue of liability for inherent risks of engaging in a sport is justified when a consenting participant is aware of the risks, has an appreciation of the nature of the risks, and voluntarily assumes the risks (*see, Morgan v State of New York*, 90 NY2d 471, 474). A premises owner continues to owe a duty to exercise care to make the conditions as safe as they appear to be. If the risks of the activity are fully comprehended or perfectly obvious, the plaintiff has consented to them and the defendant has performed its duty (*Morgan v State of New York, supra; Turcotte v Fell, supra*). Additionally, the application of the assumption of risk doctrine in assessing the duty of care owed by an owner or operator of a sporting facility requires that the participant have " 'not only knowledge of the injury-causing defect but also appreciation of the resultant risk, but awareness of risk is not to be determined in a vacuum. It is, rather, to be assessed against the background of the skill and experience of the particular plaintiff' " (*Morgan v State of New York, supra,* at 486, quoting *Maddox v City of New York*, 66 NY2d 270, 278).

The record reveals that the plaintiff, Adam Rubin, was serving as a goaltender for a lacrosse team composed of alumni of Hicksville High School, when his foot allegedly became stuck "in a concealed and uneven surface" on the playing field. Notably, Rubin had played the sport for 12 or 13 years and had been a member of the lacrosse team both in high school and college. At his examination before trial, the plaintiff testified that he inspected the site of the accident shortly after the occurrence but was unable to determine what had caused him to fall. He further indicated that he noticed "[n]othing particular" about the area, "[j]ust regular clumps of grass and dirt". Under these circumstances, where the plaintiff was unable to identify the alleged risk or defect which caused the accident, the

defendant's motion for summary judgment should have been granted. Even assuming that the clumps of grass were the cause of the accident, the plaintiff, who had played lacrosse for many years and admitted that he had previously played on surfaces containing this matter, assumed the foreseeable risk that he might be injured by running upon the uneven terrain of the ballfield (*see, Strauss v Town of Oyster Bay,* 201 AD2d 553).

The plaintiff's further testimonial assertion that the accident was caused by certain ditches or depressions which he saw for the first time when he returned to the site of the accident a few weeks after the accident, is mere speculation and thus insufficient to defeat the motion for summary judgment (*see, Zuckerman v City of New York,* 49 NY2d 557, 562; *cf., Warren v Town of Hempstead,* 246 AD2d 536). Rosenblatt, J. P., Sullivan, Joy, Altman and Luciano, JJ., concur.