■ Ramon Rios, Respondent, v Town of Colonie et al., Appellants. [682 NYS2d 272] —Mercure, J. Appeal from an order of the Supreme Court (Teresi, J.), entered June 5, 1998 in Albany County, which, *inter alia*, denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff, a correction officer employed by the Department of Correctional Services, brought this action to recover for injuries he sustained at the Department Olympics on June 5, 1996 while he was attempting to navigate an obstacle course designed and constructed by defendant Town of Colonie Police Department in the Town of Colonie, Albany County. As plaintiff entered an obstacle consisting of a length of 2½ to 3-foot diameter black plastic culvert pipe, his head grazed a sharp and jagged edge of the pipe, causing him to sustain, among other injuries, a six-inch laceration to the top of his head which required 21 sutures to close. Following defendants' service of an answer asserting as an affirmative defense, *inter alia*, the doctrine of assumption of risk, defendants moved for summary judgment dismissing the complaint. Plaintiff cross-moved for an order dismissing the affirmative defense of assumption of risk. Supreme Court denied the motion and the cross motion and defendants appeal. We affirm.

Patently, although plaintiff assumed the risks that are generally inherent in and flow from his participation in this type of athletic competition (*see, Morgan v State of New York*, 90 NY2d 471, 484; *Rutnik v Colonie Ctr. Ct. Club*, 249 AD2d 873, 874, *lv denied* 92 NY2d 808), he did not assume risks that were unique and resulted in a dangerous condition over and above the usual dangers inherent in the activity (*see, Morgan v*

*State of New York, supra,* at 484; *Turcotte v Fell,* 68 NY2d 432, 439). We conclude that plaintiff's evidentiary submissions raised a genuine factual issue as to whether the "sharp, razor-like and serrated edge" of the culvert pipe posed an open and obvious risk to plaintiff or whether it constituted an "unassumed, concealed or unreasonably increased risk[ ]" (*Benitez v New York City Bd. of Educ.,* 73 NY2d 650, 658; *see, Rutnik v Colonie Ctr. Ct. Club, supra,* at 874; *Machowski v Gallant,* 234 AD2d 933), particularly where, as here, plaintiff's time to inspect the course was limited to a brief walk-through prior to the race.

Mikoll, J. P., White, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.