OPINION OF THE COURT
Allan L. Winick, J.
Defendants move pursuant to CPLR 3212 for summary judgment.
*919 This is a personal injury action. Plaintiff, Sophie Blanco, who was almost 11 years of age at the time of the accident, was injured in the gymnasium of the Alden Terrace School, North Valley Stream, New York. She was participating in an organized relay race which took place during the recess period during the school day. Approximately 50 children were participating in this game at the time of the accident. Participation on the part of the children was voluntary and only children wearing sneakers were allowed to race. The recess period was supervised by three teachers’ aides. There were also 25 other children in the gym at the time of the accident who were not participating in the relay race.
The children participating in the relay race were divided into two teams. One cone was set up in each corner of the play area. The children ran laps around the cones. During the course of plaintiff’s lap, she tripped and her momentum caused her to strike the wall of the stage which was near the play area with her head, face and right leg.
Defendant argues that plaintiff entered into this activity with knowledge of its dangers. She participated in this game with the knowledge and appreciation of the risks inherent in a relay race.
In general, a person who is injured while voluntarily participating in a sporting event has no legal recourse if his injuries were caused by an occurrence or condition which was a “‘known, apparent or reasonably foreseeable consequence[] of the participation’”. (Benitez v New York City Bd. of Educ., 73 NY2d 650, 657, quoting Turcotte v Fell, 68 NY2d 432, 439; see also, Hoffman v City of New York, 172 AD2d 716.) Relieving an owner or operator of a sporting venue of liability for inherent risks of engaging in a sport is justified when a consenting participant is aware of the risks, has an appreciation of the nature of the risks, and voluntarily assumes the risks. (See, Morgan v State of New York, 90 NY2d 471, 484.) A premises owner continues to owe a duty to exercise care to make the conditions as safe as they appear to be. If the risks of the activity are fully comprehended or perfectly obvious, the plaintiff has consented to them and the defendant has performed its duty. (Morgan v State of New York, supra; Turcotte v Fell, supra.) Additionally, the application of the assumption of risk doctrine in assessing the duty of care owed by an owner or operator of a sporting facility requires that the participant have “ ‘not only *920 knowledge of the injury-causing defect but also, appreciation of the resultant risk, but awareness of risk is not to be determined in a vacuum. It is, rather, to be assessed against the background of the skill and experience of the particular plaintiff ”. (Morgan v State of New York, supra, at 486, quoting Maddox v City of New York, 66 NY2d 270, 278; Rubin v Hicksville Union Free School Dist., 247 AD2d 601.)
By plaintiffs engaging in a relay race, she consents to those risks commonly appreciated by a plaintiff having the skill and experience of this plaintiff which are inherent in the sport of running and arise out of the nature of this sport. A reasonable person of participatory age or experience must be expected to know that there is an inherent risk of losing one’s balance and of injury when one participates in a relay race. (See, Morgan v State of New York, 90 NY2d 471, 488, supra.) Thus, if plaintiff tripped and fractured her ankle, such an injury is inherent and arises out of the sport of running.
The risk before the court, however, is different from the risks inherent to the sport of running. The location of the stage was not an inherent risk that this participant should have been aware of. In assessing whether a defendant has violated a duty of care within the genre of tort-sports activities and their inherent risks, the applicable standard should include whether the conditions caused by the defendant’s negligence are unique and create a dangerous condition over and above the usual dangers which are inherent in the sport. (Morgan v State of New York, supra, at 485; Owen v R.J.S. Safety Equip., 79 NY2d 967, 970; Cole v New York Racing Assn., 24 AD2d 993, affd no opn 17 NY2d 761.) A “ ‘showing [of] some negligent act or inaction, referenced to the applicable duty of care owed to [her] by [the] defendants, which may be said to constitute “a substantial cause of the events which produced the injury” ’ is necessary”. (Morgan v State of New York, supra, at 485; Benitez v New York City Bd. of Educ., 73 NY2d 650, supra.)
A unique condition exists here that is above and beyond the risks inherent in the sport of running. An issue of fact exists as to whether the cones were placed too close to the stage thus creating a risk of danger to a participant in the race. Further, plaintiff was not yet 11 years of age at the time of the accident. The court must take into consideration the plaintiffs level of experience and expertise when it makes its determination. (Morgan v State of New York, supra.) The appreciation and awareness of the resultant risk is not to be determined in a vacuum. It must be assessed against the background of the
*921 skill and experience of the particular plaintiff. (Morgan v State of New York, supra, at 485-486; Benitez v New York City Bd. of Educ., supra, at 657-658; Maddox v City of New York, supra, at 278; Turcotte v Fell, 68 NY2d, supra, at 440.)
Finally, like the case of Siegel v City of New York, the fourth case decided simultaneously by the Court of Appeals in Morgan v State of New York (supra), the Court found that a torn net on a tennis court is not an inherent part of the game of tennis in and of itself, and, as a result, the plaintiff in that case should not be deemed legally to have assumed a risk of injuries caused by tripping over the net. The facts before this court do not, therefore, require a different result. The submissions raise an issue of fact as to whether the placement of the cones created a risk beyond those inherent in a relay race. (See, Clark v State of New York, 245 AD2d 413; Stackwick v Young Men’s Christian Assn., 242 AD2d 878.) Although it could be argued that the stage was generally open and obvious, whether the same applied to an 11-year-old student at defendant school is an issue of fact which must be determined by a jury precluding summary judgment. (Bouchard v Smiley Bros., 258 AD2d 548.)
The motion, therefore, is denied.