■ ROSEMARIE CONNOR et al., Respondents, v TEE BAR COR-PORATION, Doing Business as ROCKING HORSE RANCH, Appellant. [755 NYS2d 489] —Kane, J. Appeal from an order of the Supreme Court (Kavanagh, J.), entered June 14, 2002 in Ulster County, which denied defendant's motion for summary judgment dismissing the complaint.

In August 1997, during a family vacation at defendant's ranch resort, plaintiff Rosemarie Connor (hereinafter plaintiff) was injured when she fell from the "Banana Boat," a ride operated by defendant. The ride consists of two inflatable pontoon-style boats which passengers straddle, and which are towed by a motorboat on defendant's lake. Although the motorboat is not supposed to go more than 15 miles per hour, it is capable of traveling at faster speeds. While aboard, passengers rest their feet on three smaller pontoons and grip a handle during the ride. Passengers are provided with life jackets and are not required to sign a waiver prior to boarding the ride. There are no posted warnings at the ride, other than a sign stating that every passenger must be able to swim.

On the day of the accident, plaintiff, her husband, and two sons boarded the ride without incident. During the ride, a child fell from the boat requiring the operator to stop the ride to retrieve the child from the water. Shortly thereafter, as the ride was nearing its end, plaintiff, her husband, and other passengers on plaintiff's side of the boat, were thrown from the ride and into the water. Plaintiff sustained injuries, including a hip fracture. Plaintiff and her husband, derivatively, commenced this negligence action and, following joinder of issue, defendant moved for summary judgment dismissing the complaint on the ground, inter alia, that plaintiff assumed the risk of injury. Supreme Court denied the motion, finding questions of fact existed concerning the speed of the motorboat towing the ride and whether the boat was improperly balanced. Defendant now appeals.

"On a motion for summary judgment, a movant is required to establish by competent and admissible evidence a prima facie entitlement to judgment" (*Howard v J.A.J. Realty Enters.*, 283 AD2d 854, 855 [citations omitted]). If the proponent of such motion fails to tender evidence which would eliminate material issues of fact, the motion must be denied, regardless of the sufficiency of the opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). Defendant contends that plaintiff assumed the risk of her injury as a matter of law by voluntarily participating in the Banana Boat ride and, therefore, Supreme Court erred in denying its motion for summary judgment. We disagree.

Initially, we note that the doctrine of primary assumption of risk serves as a complete bar to recovery typically when a plaintiff's injury results from voluntary participation in a recreational activity (*see Hawkes v Catatonk Golf Club*, 288 AD2d 528, 529) and "its application will generally be a question of fact for the jury" (*Salas v Town of Lake Luzerne*, 296 AD2d 643, 645, *lv denied* 99 NY2d 502; *see Maddox v City of New York*, 66 NY2d 270, 279; *Weaver v Trackey*, 272 AD2d 705, 706). It is well settled that a voluntary participant in a sport or recreational activity "consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484; *see Salas v Town of Lake Luzerne, supra* at 645; *Rios v Town of Colonie*, 256 AD2d 900, 900). Correspondingly, a participant will not be deemed to have assumed the risk if, due to a defendant's negligence, the risks "were unique and resulted in a dangerous condition over and above the usual dangers inherent in the activity" (*Rios v Town of Colonie, supra* at 900; *see Daigle v West Mtn.*, 289 AD2d 838, 839).

In the instant case, we conclude that the record reveals questions of fact as to whether the assumption of risk doctrine is applicable. Unquestionably, plaintiff voluntarily participated in the ride and, although she was not familiar with it, having observed others on the ride for approximately 30 minutes prior to boarding the ride herself, she was aware that falling off the ride was a foreseeable risk inherent in such an activity. She contends, however, that defendant is liable because the driver of the motorboat negligently operated the ride by going too fast, i.e., faster than 15 miles per hour, as instructed. Plaintiff further claims that defendant's employees negligently loaded the boat unevenly and failed to provide any instructions or warnings.

Defendant's motion was supported, in part, by the affidavit of its attorney, by the affidavit and deposition testimony of Steven Turk, its vice-president, the incident report and the depositions of plaintiffs. Since defendant's counsel has no personal knowledge of the events that occurred on the day in question, it is insufficient to overcome plaintiffs' assertions (*see Bronson v Algonquin Lodge Assn.*, 295 AD2d 681, 682; *Payant v Imobersteg*, 256 AD2d 702, 704). Likewise, although Turk testified as to how the employees were trained, the manner in which the boat was supposed to operate and what he assumes would happen in a given situation, he also lacks personal knowledge of the incident, and his testimony is thus insufficient to demon-

strate defendant's prima facie entitlement to summary judgment as a matter of law (*see Salas v Town of Lake Luzerne, supra* at 644). Notably absent from defendant's submissions is an affidavit of defendant's employee who was operating the motorboat at the time the incident occurred with respect to either the rate of speed at which the motorboat was traveling at that time or the manner in which the passengers were seated on the ride. In light of plaintiff's deposition testimony submitted by defendant on the motion, that the boat was improperly loaded, that it was operated at an excessive speed and that four people were thrown from the boat at the time of the incident, defendant's own papers demonstrate an issue of material fact as to whether defendant operated the boat negligently, thereby creating "a dangerous condition over and above the usual dangers inherent in the activity" (*Rios v Town of Colonie*, 256 AD2d 900, 900, *supra*).

Viewing defendant's submissions in a light most favorable to plaintiffs (*see Wenger v Goodell*, 288 AD2d 815, 817, *lv denied* 98 NY2d 605), we conclude that defendant has failed to present proof in admissible form which would eliminate material issues of fact. Under these circumstances, a jury should assess whether plaintiff's injuries are the result of any breach of duty by defendant.

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.