■ MARY MONGE et al., Respondents, v HOME DEPOT, INC., Appellant. [761 NYS2d 886] —Kane, J. Appeal from an order of the Supreme Court (Connor, J.), entered August 5, 2002 in Ulster County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff Mary Monge (hereinafter plaintiff) was shopping in the outside garden center of defendant's store. As she maneuvered one of defendant's shopping carts past a plant display, one of the cart's wheels went off the sidewalk curb, tipping the cart over and pulling plaintiff down with it. Plaintiff and her husband, derivatively, commenced this action to recover for her resultant injuries. Supreme Court denied defendant's motion for summary judgment, prompting this appeal.

We conclude that Supreme Court properly denied summary

judgment because questions of fact exist regarding comparative negligence, whether defendant created a dangerous condition and whether the condition was open and obvious. To manifest entitlement to summary judgment, defendant, as property owner, was required to establish as a matter of law that it maintained the property in a reasonably safe manner, and that it did not create a dangerous condition which posed a foreseeable risk of injury to individuals expected to be present on the property (*see Richardson v Rotterdam Sq. Mall*, 289 AD2d 679, 679 [2001]; *see also Tagle v Jakob*, 97 NY2d 165, 168 [2001]). Defendant's employees created and arranged the plant display. Regarding the adequacy of the aisle and whether a cart could safely pass between the display and the curb, defendant failed to proffer any definitive statements as to the width of the aisle, let alone statements by anyone with direct personal knowledge (*see Connor v Tee Bar Corp.*, 302 AD2d 729, 731 [2003]). Defendant's submissions fail to prove as a matter of law that it did not create a dangerous condition.

If the alleged perils of the aisle are found to be open and obvious, still an unresolved question of fact, that does not relieve defendant of its duty to maintain its property in a safe manner and condition, but "presents an issue of fact concerning the plaintiff's comparative fault" (*Chambers v Maury Povich Show*, 285 AD2d 440, 440 [2001]; *see MacDonald v City of Schenectady*, 308 AD2d 125 [2003]; *Spannagel v State of New York*, 298 AD2d 687, 688-689 [2002]; *Tuttle v Anne LeConey, Inc.*, 258 AD2d 334, 335 [1999]; *Comeau v Wray*, 241 AD2d 602, 603 [1997]; *Morgan v Genrich*, 239 AD2d 919, 920 [1997]). Accordingly, these factual issues must be resolved at trial.

Crew III, J.P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.