MARIA PANTALONE, Respondent, v BRITTANY TALCOTT et al., Appellants, et al., Defendants. [861 NYS2d 166]—

Kane, J. Appeal from an order of the Supreme Court (Aulisi, J.), entered October 23, 2007 in Fulton County, which denied a

motion by defendants Brittany Talcott and Stanley Kucel for summary judgment dismissing the complaint against them.

Plaintiff suffered a back injury while riding as a passenger on a snowmobile driven by defendant Brittany Talcott. Defendant Stanley Kucel owned the snowmobile and permitted Talcott to operate it.* To recover for her injuries, plaintiff commenced this action. Talcott and Kucel (hereinafter collectively referred to as defendants) moved for summary judgment dismissing the complaint against them based upon the doctrine of assumption of risk. Supreme Court denied the motion. Defendants appeal.

Supreme Court properly denied defendants' motion. The doctrine of primary assumption of risk completely bars recovery to a plaintiff who was injured during voluntary participation in a recreational activity (*see Connor v Tee Bar Corp.*, 302 AD2d 729, 730 [2003]). Voluntary participants in sports or recreational activities consent "to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997]; *see Turcotte v Fell*, 68 NY2d 432, 439 [1986]). Correspondingly, participants do not consent to conduct that is reckless, intentional or so negligent as to create an unreasonably increased risk (*see Connor v Tee Bar Corp.*, 302 AD2d at 730; *Kaufman v Hunter Mtn. Ski Bowl*, 240 AD2d 371, 372 [1997]; *see also Turcotte v Fell*, 68 NY2d at 439). Application of the doctrine is generally considered a question of fact for the jury (*see Connor v Tee Bar Corp.*, 302 AD2d at 730).

Here, plaintiff rode on the back of the snowmobile as Talcott, who was 15 years old and had previously driven this snowmobile less than 10 times, operated the machine at a high rate of speed, possibly 50 miles per hour. Talcott continued at this speed even when her vision became impaired by sun glaring off the snow and ice. She acknowledged that she did not see the knoll due to the glare, and she did not slow down or brake when approaching bumps or the knoll which caused the incident (*see* PRHPL 25.03 [1], [2]). After hitting the knoll, which plaintiff estimated as three to four feet high, the snowmobile became airborne before crashing to the ground on the other side. Viewing the evidence in a light most favorable to plaintiff, the nonmoving party, we agree with Supreme Court that questions of fact exist, requiring a jury to determine the application of the doctrine of assumption of risk (*see Connor v Tee Bar Corp.*, 302 AD2d at 730-731; *Morgan v Ski Roundtop*, 290 AD2d 618, 620 [2002]; *Rios v Town of Colonie*, 256 AD2d 900, 901 [1998]).

* Kucel is vicariously liable for any of Talcott's negligent conduct (*see* PRHPL 25.23 [1]).

Cardona, P.J., Peters, Carpinello and Stein, JJ., concur. Ordered that the order is affirmed, with costs.