■ STEFFEN JOHN HAIDER, Appellant, v BENEDYKT J. ZADROZNY et al., Appellants, and KATHY A. ZINSSAR, Respondent. [876 NYS2d 215]—

Rose, J. Appeal from an order of the Supreme Court (Williams, J.), entered December 13, 2007 in Saratoga County, which granted defendant Kathy A. Zinssar's motion for summary judgment dismissing the complaint and cross claim against her.

While riding at night on a saucer attached by a water ski tow

rope to a snowmobile driven by defendant Benedykt J. Zadrozny Jr. and owned by defendant Benedykt J. Zadrozny Sr. (hereinafter collectively referred to as defendants), plaintiff was struck and injured by a snowmobile driven by defendant Kathy A. Zinssar. Alleging that Zinssar had been negligent in driving her snowmobile too fast, passing too close to defendants' snowmobile, and failing to observe and avoid plaintiff, plaintiff commenced this action. When Zinssar moved for summary judgment dismissing the complaint and defendants' cross claim against her, Supreme Court granted the motion. Plaintiff and defendants now appeal.

Viewing the evidence most favorably to the nonmoving parties (see *Secore v Allen*, 27 AD3d 825, 828-829 [2006]; *Greco v Boyce*, 262 AD2d 734, 734 [1999]), we find triable questions of fact as to whether Zinssar could have observed and avoided plaintiff. Although Zinssar was not required to foresee that defendants would violate the law by using a rope to tow someone behind their snowmobile (see PRHPL 25.03 [8]), there is evidence in the record that there was sufficient illumination from the moon and snowmobile headlamps for the drivers to be able to see 200 or more yards ahead. Like the operator of a motor vehicle, Zinssar "was bound to see what by the proper use of her senses she might have seen" (*Weigand v United Traction Co.*, 221 NY 39, 42 [1917]; see *Fernet v Morvillo*, 30 AD3d 670, 672 [2006]). Thus, if the circumstances were such that Zinssar should have observed plaintiff, then the accident would be a reasonably foreseeable risk and she would have had a duty to avoid striking him, if it were possible to do so (see e.g. *Di Ponzio v Riordan*, 89 NY2d 578, 583 [1997]; *Kemper v Arnow*, 18 AD3d 939, 940-941 [2005], *lv denied* 5 NY3d 708 [2005]). Accordingly, the conflicting evidence as to the parties' respective speeds, angles of approach, proximity and sight distances immediately before the accident present questions of fact as to whether Zinssar could have seen plaintiff and avoided him.

As for Zinssar's contention that plaintiff's unexpected appearance in her path presented an emergency, "[s]ummary judgment in an emergency case is only proper where there are no factual questions concerning the reasonableness of the driver's actions under the circumstances or whether the driver could have done something to avoid the collision" (*Quinones v Community Action Commn. to Help the Economy, Inc.*, 46 AD3d 1326, 1326 [2007]; see *Caristo v Sanzone*, 96 NY2d 172, 174-175 [2001]; *Schlanger v Doe*, 53 AD3d 827, 828 [2008]; PJI 2:14). Here, the disputed factual issues bear on whether Zinssar's conduct contributed to the emergency and whether she reacted

as a reasonable person would under the circumstances (*see Aloi v County of Tompkins*, 52 AD3d 1092, 1094 [2008]).

Finally, while it is true that the doctrine of primary assumption of risk completely bars recovery to one who is injured during his or her voluntary participation in a sport or recreational activity such as riding upon or being towed behind a snowmobile, "participants do not consent to conduct that is reckless, intentional or so negligent as to create an unreasonably increased risk" (*Pantalone v Talcott*, 52 AD3d 1148, 1149 [2008]; *see Huneau v Maple Ski Ridge, Inc.*, 17 AD3d 848, 849 [2005]; *Connor v Tee Bar Corp.*, 302 AD2d 729, 730 [2003]). Again, the disputed factual issues bear on whether Zinssar was driving in a manner that unreasonably increased the risk of injury to plaintiff, and summary judgment should have been denied (*see Morgan v Ski Roundtop*, 290 AD2d 618, 620 [2002]; *Rios v Town of Colonie*, 256 AD2d 900, 901 [1998]).

Peters, J.P., Lathinen, Kane and Stein, JJ., concur. Ordered that the order is reversed, on the law, with one bill of costs, and motion denied.