Peters, J.P.
Appeal from an order of the Supreme Court (Nolan, Jr., J.), entered July 9, 2009 in Saratoga County, which, among other things, granted defendant’s motion for summary judgment dismissing the complaint.
On May 3, 2005, plaintiff, then a high school senior and member of the Bethlehem High School girls varsity lacrosse team, sustained injuries during a regulation game held against defendant’s high school in the Town of Clifton Park, Saratoga County. According to plaintiff, while performing a “roll dodge” maneuver, she felt her left foot slide into the ground and “catch” as her body continued to pivot, causing severe damage to. her knee. She thereafter commenced this action alleging, among other things, that defendant negligently maintained the lacrosse field and created a dangerous condition by using a sandy or soft material to fill ruts on the field. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint based upon the doctrine of assumption of risk and plaintiff cross-moved for summary judgment dismissing said affirmative defense. Supreme Court denied plaintiffs cross motion and granted defendant’s motion, finding that the condition of the field was open and obvious and that “plaintiff, as a matter of law, assumed the risk of being injured by falling and sustaining her serious injuries.” Plaintiff now appeals.
“A person who voluntarily participates in a sport or recreational activity assumes the risks which are inherent in and arise out of the nature of the sport generally and flow from such participation, including those risks associated with the construction of the playing surface and any open and obvious condition on it” (Lincoln v Canastota Cent. School Dist., 53 AD3d 851, 851-852 [2008] [internal quotation marks and citations omitted]; see Maddox v City of New York, 66 NY2d 270, 277 [1985]; Brookstone v State of New York, 64 AD3d 1023, 1024 [2009]). Participants in such activities will not, however, be deemed to have assumed concealed or unreasonably increased risks (see Morgan v State of New York, 90 NY2d 471, 486 [1997]; Benitez v New York City Bd. of Educ., 73 NY2d 650, 658 [1989]; *757 Martin v State of New York, 64 AD3d 62, 64 [2009], lv denied 13 NY3d 706 [2009]). The application of the doctrine of assumption of risk is generally a question of fact to be resolved by a jury (see Maddox v City of New York, 66 NY2d at 279; Pantalone v Talcott, 52 AD3d 1148, 1149 [2008]).
Here, we conclude that the record reveals questions of fact as to whether the assumption of risk doctrine is applicable. It is undisputed that, several months prior to plaintiffs accident, the lacrosse field sustained tire marks and ruts two to three inches in depth after a student did “donuts” on the field with a motor vehicle. Defendant’s maintenance and ground crew seeded and rolled the damaged areas shortly after that incident and then again approximately one month prior to plaintiffs accident. Although plaintiff candidly acknowledged in her General Municipal Law § 50-h and deposition testimony that she observed ruts, bare spots and patches “that were lower than the rest of the field” on the day of her accident, she does not assert that her injury was caused by any of these observable conditions. Rather, she claims that she was injured when her foot became caught in what can essentially be deemed a sinkhole—that is, her foot sank into a deep rut, the depth of which was concealed by a sandy soil, but which appeared to be a typical ungrassy, hard patch of ground.
In describing her fall, plaintiff stated that she felt her foot “slide and catch” on “soft ground” that was a “different surface, like firmness,” in comparison to the rest of the field. She elaborated that her foot slid into a “sand or finer-type substance . . . [b]ut it wasn’t the same as . . . the hard dirt or the grass.” She also testified that she had no knowledge that the field contained dirt patches that, in reality, consisted of soil and/or sand that had been placed within deep ruts, specifically stating that “it just seemed that there were areas that weren’t grass and similar to other fields” and that she “didn’t know the difference from looking at it.” In her affidavit, plaintiff clarified that she was caused to fall when the field “g[a]ve way” and her foot “slid downward and then g[o]t caught in the ground.” She averred that she was only able to observe the surface condition of the field and that, although she noticed tire marks and patches of hard dirt with no grass—which was not uncommon due to wear on a lacrosse field—she had no knowledge that the dirt patch actually consisted of loose soil or sand concealing a deep rut.
A video of the field taken the day after plaintiffs accident also discloses that, although appearing to be a level surface, portions of the field contained ruts and tracks that were filled with *758 a loose material that could be easily displaced. Upon his inspection of the particular area where plaintiff fell and a review of the video, plaintiffs expert averred that the depth of the rut that allegedly caused plaintiffs injury exceeded one inch, that the fill employed by defendant disguised the true depth of the rut and that, as a result, this area was not as safe as it appeared to be. Viewing this evidence in a light most favorable to plaintiff and providing her with the benefit of every favorable inference (see Negri v Stop & Shop, 65 NY2d 625, 626 [1985]; Ballou v Ravena-Coeymans-Selkirk School Dist., 72 AD3d 1323, 1326 [2010]), we find a genuine issue of fact as to whether the rut that allegedly caused plaintiffs accident was an open and obvious condition or constituted a concealed risk (see Swan v City of New York, 272 AD2d 394 [2000]; Rios v Town of Colonie, 256 AD2d 900, 901 [1998]; Warren v Town of Hempstead, 246 AD2d 536, 537 [1998]; Cronson v Town of N. Hempstead, 245 AD2d 331 [1997]; compare Paone v County of Suffolk, 251 AD2d 563, 564 [1998]; Rubin v Hicksville Union Free School Dist., 247 AD2d 601, 602-603 [1998]).* Under these circumstances, it is for a juiy to assess whether “defendant has performed its duty by making the conditions as safe as they appear[ed] to be” (Lincoln v Canastota Cent. School Dist., 53 AD3d at 852 [internal quotation marks and citations omitted]; see Pantalone v Talcott, 52 AD3d at 1149; Connor v Tee Bar Corp., 302 AD2d 729, 730 [2003]).
Stein and McCarthy, JJ., concur.

 Although Supreme Court found the expert’s opinion regarding both the adequacy of the fill employed by defendant and whether a clay-based soil would have been more stable than a sand-based soil to be too “conclusory and speculative” to raise an issue of fact as to the applicability of the doctrine of assumption of risk, plaintiff was only required to put forth evidence to show that the rut in which her foot caught was not open and obvious. She did so here through her testimony and affidavit on the motions. The expert’s opinion as to whether defendant’s use of a different type of soil would have prevented her accident, while necessary to establish plaintiffs negligence claim at trial, has no bearing on the applicability of the doctrine of assumption of risk—the only issue raised by defendant on its summary judgment motion.