Rick v Teculver (2022 NY Slip Op 07347)

Rick v Teculver

2022 NY Slip Op 07347

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, WINSLOW, AND MONTOUR, JJ.

803 CA 21-01169

[*1]WILLIAM C. RICK, PLAINTIFF-RESPONDENT,
v
WAYNE H. TECULVER AND CAPRI M. TECULVER, INDIVIDUALLY, AND AS CO-ADMINISTRATORS OF THE ESTATE OF MATTHEW R. TECULVER, DECEASED, AND TREVOR S. BAYLE, DEFENDANTS-APPELLANTS. 

CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (RICHARD J. ZIELINSKI OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
ROBBINS & JOHNSON, P.C., JAMESTOWN, MAGAVERN MAGAVERN GRIMM LLP, BUFFALO (EDWARD J. MARKARIAN OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Chautauqua County (Lynn W. Keane, J.), dated July 27, 2021. The order denied the motion of defendants for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when his snowmobile collided with a snowmobile operated by Matthew R. TeCulver (decedent) and owned by defendant Trevor S. Bayle. At the time of the collision, plaintiff and another snowmobile driver were traveling north along a snowmobile trail, while decedent, Bayle, and another driver (decedent's group) were traveling south along the same path. The collision happened as the two groups converged along a straight, flat portion of the trail. Although the parties dispute the particulars of the collision, there is no dispute that decedent was traveling on the right side of the snowmobile trail, whereas plaintiff moved his snowmobile to the left, eventually entering decedent's lane of travel. Defendants moved for, inter alia, summary judgment dismissing the complaint. Supreme Court denied the motion. Defendants appeal, and we affirm.
We conclude that defendants failed to meet their initial burden on the motion inasmuch as their own submissions raised triable issues of fact whether decedent and Bayle were negligent (see Ebbole v Nagy, 169 AD3d 1461, 1462 [4th Dept 2019]; Pagels v Mullen, 167 AD3d 185, 187 [4th Dept 2018]). Although defendants submitted deposition testimony establishing that the accident occurred after plaintiff veered to the left into decedent's lane of travel (see generally Shanahan v Mackowiak, 111 AD3d 1328, 1329 [4th Dept 2013]; Clough v Szymanski, 26 AD3d 894, 895 [4th Dept 2006]), defendants' submissions failed to eliminate all questions of fact with respect to the negligence of decedent and Bayle because the submissions contained evidence that decedent and Bayle were traveling at an unsafe speed at the time of the collision (see Moore v Curtiss, 129 AD3d 1504, 1505 [4th Dept 2015]; see generally Haider v Zadrozny, 61 AD3d 1077, 1078 [3d Dept 2009]; Pinkow v Herfield, 264 AD2d 356, 358 [1st Dept 1999]). Indeed, there also was evidence that decedent's group had been drag racing, three abreast, along the trail, which raised "factual questions concerning the reasonableness of [decedent's and Bayle's] actions under the circumstances [and] whether [decedent] could have done something to avoid the collision" (Haider, 61 AD3d at 1078 [internal quotation marks omitted]; see generally Halbina v Brege, 41 AD3d 1218, 1219 [4th Dept 2007]; Acovangelo v Brundage, 271 AD2d 885, 887 [3d Dept 2000]).
Because defendants failed to meet their initial burden on the motion, the burden never shifted to plaintiff, and denial of the motion "was required 'regardless of the sufficiency of the opposing papers' " (Scruton v Acro-Fab Ltd., 144 AD3d 1502, 1503 [4th Dept 2016], quoting Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Smith v Szpilewski, 139 AD3d 1342, 1343 [4th Dept 2016]).
We reject defendants' further contention that the court erred to the extent that it concluded that an issue of fact exists concerning whether plaintiff was negligent.
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court