Putnam v Kibler (2024 NY Slip Op 05681)

Putnam v Kibler

2024 NY Slip Op 05681

Decided on November 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, DELCONTE, AND HANNAH, JJ.

686 CA 23-01564

[*1]ASHLEY C. PUTNAM, PLAINTIFF-APPELLANT,
v
JASON D. KIBLER, DEFENDANT-RESPONDENT. 

DIFILIPPO, FLAHERTY & STEINHAUS, PLLC, EAST AURORA (ROBERT D. STEINHAUS OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
HURWITZ FINE P.C., BUFFALO (BRIAN M. WEBB OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered August 29, 2023. The order granted the motion of defendant for summary judgment and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained while riding as a passenger on a snowmobile operated by defendant. As defendant was preparing to turn to the left to ascend a hill, the snowmobile was struck by an oncoming snowmobile. As a result of the accident, defendant and plaintiff each suffered serious injuries that required surgery. Defendant moved for summary judgment in his favor on the issue of negligence, and Supreme Court granted the motion. Plaintiff appeals, and we affirm.
Defendant, "as the movant for summary judgment, had the burden of establishing as a matter of law that he was not negligent" (Pagels v Mullen, 167 AD3d 185, 187 [4th Dept 2018]; see Rick v TeCulver, 211 AD3d 1542, 1543 [4th Dept 2022]; see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). To meet that burden, defendant was required to establish that he fulfilled his "common-law duty to see that which he should have seen [as a driver] through the proper use of his senses" (Luttrell v Vega, 162 AD3d 1637, 1638 [4th Dept 2018] [internal quotation marks omitted]; see Sauter v Calabretta, 90 AD3d 1702, 1703 [4th Dept 2011]) "and to exercise reasonable care under the circumstances to avoid an accident" (Deering v Deering, 134 AD3d 1497, 1499 [4th Dept 2015] [internal quotation marks omitted]; see Cupp v McGaffick, 104 AD3d 1283, 1284 [4th Dept 2013]). Defendant also had the burden of "establishing as a matter of law that there was nothing he could do to avoid the accident" (Pagels, 167 AD3d at 187; see Jackson v City of Buffalo, 144 AD3d 1555, 1556 [4th Dept 2016]).
We conclude that defendant met his initial burden on the motion. In support of the motion, defendant submitted his own deposition testimony, in which he stated that he saw the headlight of the approaching snowmobile and that, although he attempted to turn, he was unable to avoid the accident (cf. Rick, 211 AD3d at 1543; Ebbole v Nagy, 169 AD3d 1461, 1462 [4th Dept 2019]; Pagels, 167 AD3d at 189). In addition, defendant testified that he was not speeding at the time of the accident but had slowed down to make the turn that led to the hill (cf. Rick, 211 AD3d at 1543). Defendant also submitted the deposition testimony of plaintiff, who stated that she was looking over defendant's left shoulder when she "saw lights from another snowmobile" just before her "life went black." Plaintiff further testified that defendant was going approximately 45 or 50 miles per hour in an area with a speed limit of 55 miles per hour.
In response, plaintiff failed to raise an "issue[ ] of fact whether defendant was negligent—i.e., whether he [failed to see] what was there to be seen and had enough time to take [*2]evasive action to avoid the collision" (Ebbole, 169 AD3d at 1462). To the extent that plaintiff contends that, pursuant to Noseworthy v City of New York (298 NY 76 [1948]), she is entitled to a less stringent burden of proof in establishing the existence of an issue of fact with respect to defendant's negligence, we reject that contention. Plaintiff has "the burden of raising a triable issue of fact . . . before the Noseworthy rule may be applied, and [she] failed to meet that burden" (Hill v Cash, 117 AD3d 1423, 1427 [4th Dept 2014] [internal quotation marks omitted]; see Smith v Stark, 67 NY2d 693, 694-695 [1986]; Shanahan v Mackowiak, 111 AD3d 1328, 1330 [4th Dept 2013]).
Entered: November 15, 2024
Ann Dillon Flynn
Clerk of the Court