■ SARAH COOK, an Infant, by Her Mother and Natural Guardian, JEANNE COOK, et al., Respondents, v TOWN OF OYSTER BAY, Appellant. [699 NYS2d 299] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (DiNoto, J.), entered December 14, 1998, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The infant plaintiff was injured when she slipped and fell from a diving board at the Syosset-Woodbury Community Park pool in the Town of Oyster Bay. The plaintiffs allege that the defendant was negligent in failing to properly maintain the diving board and provide proper supervision. We disagree. The defendant's duty was to exercise care to make conditions as safe as they appeared to be. Here, the risk of injury to the infant plaintiff was obvious. The infant plaintiff had used the diving board on prior occasions, as well as on the date of the accident. By voluntarily participating in the activity, the infant plaintiff assumed the risk of injury. The defendant satisfied its duty of care, since the conditions were as safe as they appeared to be (see, Turcotte v Fell, 68 NY2d 432, 438-439; see also, Benitez v New York City Bd. of Educ., 73 NY2d 650, 657). The plaintiffs failed to come forward with evidence sufficient to raise a triable issue of fact as to whether the diving board was

defective (*see, Romano v Stanley,* 90 NY2d 444, 451-452; *Interstate Cigar Co. v Dynaire Corp.,* 176 AD2d 699).

The plaintiffs' remaining contentions are without merit. Altman, J. P., H. Miller, Schmidt and Smith, JJ., concur.