■ JENNIFER A. ANDREWS et al., Respondents, v COUNTY OF ONONDAGA, Appellant. [747 NYS2d 631] —Appeal from that part of an order of Supreme Court, Onondaga County (Nicholson, J.), entered January 24, 2002, that denied defendant's motion seeking summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Jennifer A. Andrews (plaintiff) when she struck a tree while sledding at a park owned by defendant. While situated at the top of a hill, plaintiff observed people sledding down the hill for approximately 5 to 10 minutes. She observed trees at the bottom of the hill but, according to her deposition testimony, no person sledding came

closer than approximately 50 feet to the trees. In using her son's sledding tube to sled down the hill, she attempted to slow herself down by dropping her feet and digging her heels into the snow, but in doing so she projected snow and ice into her eyes. She then lifted her feet, believing that she would slow down and come to a stop upon reaching the level ground at the bottom of the hill. Instead, she crashed into a tree at the bottom of the hill. Plaintiffs allege that defendant was negligent in, inter alia, designing, constructing, maintaining, operating, and supervising the hill, "so that it presented an unreasonable risk of harm to persons who were sledding thereon."

Supreme Court properly denied defendant's motion seeking summary judgment dismissing the complaint based on the doctrine of primary assumption of risk. Although defendant established that the trees were an open and obvious condition at the bottom of the hill (*see Maddox v City of New York*, 66 NY2d 270, 277-278), there is an issue of fact whether plaintiff made an informed estimate of the risk involved as measured against her skill and experience in sledding (*see Alessi v Boy Scouts of Am. Greater Niagara Frontier Council*, 247 AD2d 824, 824-825; *Lamey v Foley*, 188 AD2d 157, 164; *cf. Hernandez v City of New York*, 267 AD2d 280; *Matter of Moore v State of New York*, 245 AD2d 456). Even assuming, arguendo, that defendant met its initial burden on the motion, we conclude that plaintiffs raised an issue of fact by the affidavit of a civil engineer who averred that the hill was defectively designed and improperly maintained. Plaintiffs thereby raised an issue of fact whether defendant "created a dangerous condition over and above the usual dangers that are inherent in [sledding]" (*Owen v R.J.S. Safety Equip.*, 79 NY2d 967, 970; *see Cruz v City of New York*, 288 AD2d 250; *see also Hawkes v Catatonk Golf Club*, 288 AD2d 528, 530). Present—Pigott, Jr., P.J., Hayes, Hurlbutt, Kehoe and Lawton, JJ.