JAMES GIUGLIANO et al., Appellants, v COUNTY OF NASSAU, Respondent. [808 NYS2d 244]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Bucaria, J.), dated October 13, 2004, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The significant facts are undisputed. On the afternoon of January 8, 1999, the infant plaintiff, then age 13, went snow boarding in the sump located behind his aunt's house in East Meadow. He had gone snow boarding at that location on many prior occasions. It was snowing and the garbage was covered with snow. On his first trip down the hill, the infant plaintiff hit the garbage underneath the snow, fell off the snow board, and broke his arm. At his deposition, the infant plaintiff noted that on the hill where he went snow boarding "there's trees. There's a lot of garbage there too" and the garbage was present at the site "as far back as I remember."

The infant plaintiff and his father commenced the instant action against the County of Nassau, as the owner of the sump. After issue was joined, the defendant moved for summary judgment dismissing the action. The Supreme Court granted the motion pursuant to the doctrine of "primary assumption of the risk" on the ground that the infant plaintiff voluntarily assumed the risk of the sporting activity of snow boarding and was aware "over a long period of time prior to the accident, of garbage and debris strewn over the slope and interior of the sump."

The doctrine of primary assumption of the risk generally constitutes a complete defense to an action to recover damages for personal injuries (*see Turcotte v Fell*, 68 NY2d 432, 438 [1986]) and applies to the voluntary participation in sporting activities (*see Turcotte v Fell, supra* at 439) as well as to the voluntary participation in nonsporting activities, both proper and improper, which involve an elevated risk of danger (*see Sy v Kopet*, 18 AD3d 463 [2005]; *Westerville v Cornell Univ.*, 291 AD2d 447 [2002]; *Gustin v Association of Camps Farthest Out*, 267 AD2d 1001 [1999]).

The infant plaintiff acknowledged that he was aware of the nature of the site and the presence of garbage. As a matter of law, the doctrine of primary assumption of the risk applies since the infant plaintiff voluntarily participated in snow boarding while fully aware that garbage was present at the site (*see Collins v City of New York*, 251 AD2d 443 [1998]). H. Miller, J.P., Luciano, Fisher and Covello, JJ., concur.