■ DANIEL GARDNER, Respondent, v TOWN OF TONAWANDA et al., Appellants. [850 NYS2d 730]—

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered January 24, 2007 in a personal injury action. The order denied the motion of defendants for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he slipped and fell on a baseball glove that was being used as a sideline marker during a recreational indoor flag football game organized by defendant Dome Football League and played in a facility owned by defendant Town of Tonawanda. Defendants moved for summary judgment dismissing the complaint on the ground that plaintiff assumed the risks associated with playing recreational flag football. We agree with defendants that Supreme Court erred in denying their motion.

"The doctrine of primary assumption of the risk generally constitutes a complete defense to an action to recover damages for personal injuries . . . and applies to the voluntary participation in sporting activities" (*Giugliano v County of Nassau*, 24 AD3d 504, 505 [2005]; *see generally Morgan v State of New York*, 90 NY2d 471, 483-486 [1997]; *Turcotte v Fell*, 68 NY2d 432, 438-440 [1986]). "As a general rule, participants properly may be held to have consented, by their participation, to those injury-causing events which are known, apparent or reasonably foreseeable consequences of their participation" (*Turcotte*, 68 NY2d at 439). Such injury-causing events include the risks that are "inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan*, 90 NY2d at 484).

In support of their motion, defendants submitted evidence establishing that, at the time of the accident, the 26-year-old plaintiff had experience playing recreational flag football games on the indoor artificial turf field where the injuries occurred. Defendants further established that plaintiff was aware that the sidelines of the field were marked with orange plastic cones and that the referee had discretion to use other types of markers on the sidelines as well. Although plaintiff contends that he was unaware that a baseball glove was being used as a sideline marker, he failed to submit any evidence supporting his contention that the risk of slipping on the baseball glove was greater than the risk of slipping or tripping on the cones or plastic flags that he admittedly knew were used as sideline markers. Thus, we conclude that plaintiff assumed the risk of the injuries that he sustained because the use of the baseball glove as a sideline marker did not " 'create[ ] a dangerous condition over and above the usual dangers that are inherent in the sport' " of recreational flag football (*Morgan*, 90 NY2d at 485; *see Trevett v City*

*of Little Falls,* 6 NY3d 884 [2006], *rearg denied* 7 NY3d 845 [2006]; *Sykes v County of Erie,* 94 NY2d 912 [2000]; *Steward v Town of Clarkstown,* 224 AD2d 405 [1996], *lv denied* 88 NY2d 815 [1996]; *Reilly v Long Is. Jr. Soccer League,* 216 AD2d 281 [1995]; *cf. Cruz v City of New York,* 288 AD2d 250 [2001]; *Rios v Town of Colonie,* 256 AD2d 900 [1998]). Present—Scudder, P.J., Martoche, Peradotto, Pine and Gorski, JJ.