■ RYAN BELVEDERE, Appellant, v HOLIDAY VALLEY, INC., et al., Respondents. [876 NYS2d 595]—

Appeal from an order of the Supreme Court, Cattaraugus County (Michael L. Nenno, A.J.), entered May 15, 2008 in a personal injury action. The order granted the motion of defendants for summary judgment and dismissed the complaint.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the complaint with the exception of the claim for punitive damages and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when a snowboard he was riding collided with a snowmobile operated by defendants' employee. Defendants moved for summary judgment dismissing the complaint on the ground that plaintiff assumed the risks associ-

ated with the sport of snowboarding. We agree with plaintiff that Supreme Court erred in granting the motion, with the exception of the claim for punitive damages, and we therefore modify the order accordingly.

"The doctrine of primary assumption of the risk generally constitutes a complete defense to an action to recover damages for personal injuries . . . and applies to the voluntary participation in sporting activities" (*Giugliano v County of Nassau*, 24 AD3d 504, 505 [2005]; *see generally Morgan v State of New York*, 90 NY2d 471, 483-486 [1997]; *Turcotte v Fell*, 68 NY2d 432, 437-440 [1986]). "As a general rule, participants properly may be held to have consented, by their participation, to those injury-causing events which are known, apparent or reasonably foreseeable consequences of the participation" (*Turcotte*, 68 NY2d at 439). "[B]y engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan*, 90 NY2d at 484).

We conclude that defendants met their burden of establishing their entitlement to judgment as a matter of law by submitting the deposition testimony of plaintiff in which he testified that he was aware of the presence of snowmobiles on several trails at Holiday Valley, where he was snowboarding (*see Manoly v City of New York*, 29 AD3d 649, 650 [2006]; *Giugliano*, 24 AD3d at 505). Plaintiff, however, raised a triable issue of fact precluding summary judgment based on his expert's affidavit, in which the expert asserted that the person operating the snowmobile was doing so in a negligent manner (*see Huneau v Maple Ski Ridge, Inc.*, 17 AD3d 848, 849 [2005]).

With respect to the claim for punitive damages, we conclude that defendants established the absence of any conduct that could be viewed as " 'so reckless or wantonly negligent as to be the equivalent of a conscious disregard of the rights of others' " (*Gauger v Ghaffari*, 8 AD3d 968 [2004]), and plaintiff failed to raise an issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Present—Martoche, J.P., Smith, Centra, Fahey and Pine, JJ.