■ TORREY J. STOUGHTENGER, Appellant-Respondent, v HANNIBAL CENTRAL SCHOOL DISTRICT et al., Respondents-Appellants. [935 NYS2d 430]—

Memorandum: Plaintiff's mother commenced this action on behalf of plaintiff seeking damages for injuries he sustained while participating in a wrestling unit in defendants' compulsory physical education class. At the time of the incident, plaintiff weighed approximately 125 pounds and was wrestling with another student in the class weighing approximately 220 pounds. Plaintiff's mother moved for summary judgment on liability and to strike the affirmative defense of primary assumption of risk. Defendants subsequently moved for summary judgment dismissing the complaint on the ground that, inter alia, the affirmative defense of primary assumption of risk was a complete bar to recovery. Plaintiff was thereafter substituted for his mother as the plaintiff, and he appeals and defendants cross appeal from an order denying the motions in their entirety.

We agree with plaintiff on appeal that Supreme Court erred in denying that part of the motion to strike the affirmative defense of primary assumption of risk. We therefore modify the order accordingly. "The doctrine of primary assumption of . . . risk generally constitutes a complete defense to an action to recover damages for personal injuries . . . and applies to the voluntary participation in sporting activities" (*Giugliano v County of Nassau*, 24 AD3d 504, 505 [2005]; *see generally Morgan v State of New York*, 90 NY2d 471, 483-486 [1997], *rearg denied sub nom. Chimerine v World Champion John Chung Tae Kwon Doe Inst.*, 90 NY2d 936 [1997]; *Turcotte v Fell*, 68 NY2d 432, 437-440 [1986]). Nevertheless, there are important distinctions between voluntary participation in interscholastic sports and recreation activities and compulsory participation in physical education class (*see Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 658-659 [1989]; *Passantino v Board of Educ. of City of N.Y.*, 52 AD2d 935, 937 [1976] [Cohalan, J., dissenting], *revd on dissenting mem* 41 NY2d 1022 [1977]). Inasmuch as plaintiff was participating in a compulsory physical education class and his participation in the wrestling unit was mandatory, the defense of primary assumption of risk is not applicable. Thus, we reject defendants' contention on their cross appeal that the court erred in denying their motion for summary judgment dismissing the complaint based on that affirmative defense.

We reject the further contention of plaintiff on appeal, however, that the court erred in denying that part of the motion for summary judgment on liability. The court properly determined that there are triable issues of fact with respect to the negligent supervision claim and the comparative fault of plaintiff in choosing an opponent that outweighed him by approximately 100 pounds. Further, plaintiff failed to establish his entitlement to judgment as a matter of law on the issue of proximate cause. The record is devoid of any evidence that the elbow dislocation sustained by plaintiff was the result of the weight differential between the students, rather than conduct that could occur even under the most intense supervision in the ordinary course of a wrestling unit in a middle school physical education class (*see generally Odekirk v Bellmore-Merrick Cent. School Dist.*, 70 AD3d 910, 911 [2010]). Present—Smith, J.P., Fahey, Peradotto, Carni and Sconiers, JJ.