# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1449**
**CA 11-00732**
PRESENT: SMITH, J.P., FAHEY, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

TORREY J. STOUGHTENGER,
PLAINTIFF-APPELLANT-RESPONDENT,

V                                        MEMORANDUM AND ORDER

HANNIBAL CENTRAL SCHOOL DISTRICT AND BOARD OF
EDUCATION OF HANNIBAL CENTRAL SCHOOLS,
DEFENDANTS-RESPONDENTS-APPELLANTS.

---

JOHN M. MURPHY, JR., PHOENIX, FOR PLAINTIFF-APPELLANT-RESPONDENT.

LYNCH LAW OFFICE, SYRACUSE, CONGDON, FLAHERTY, O'CALLAGHAN, REID,
DONLON, TRAVIS & FISHLINGER, UNIONDALE (KATHLEEN D. FOLEY OF COUNSEL),
FOR DEFENDANTS-RESPONDENTS-APPELLANTS.

-------------------------------------------------------------------------------------------

     Appeal and cross appeal from an order of the Supreme Court,
Oswego County (James W. McCarthy, J.), entered June 9, 2010.  The
order denied the parties' respective motions for summary judgment.

     It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting that part of plaintiff's
motion to strike the affirmative defense of primary assumption of risk
and as modified the order is affirmed without costs.

     Memorandum:  Plaintiff's mother commenced this action on behalf
of plaintiff seeking damages for injuries he sustained while
participating in a wrestling unit in defendants' compulsory physical
education class.  At the time of the incident, plaintiff weighed
approximately 125 pounds and was wrestling with another student in the
class weighing approximately 220 pounds.  Plaintiff's mother moved for
summary judgment on liability and to strike the affirmative defense of
primary assumption of risk.  Defendants subsequently moved for summary
judgment dismissing the complaint on the ground that, inter alia, the
affirmative defense of primary assumption of risk was a complete bar
to recovery.  Plaintiff was thereafter substituted for his mother as
the plaintiff, and he appeals and defendants cross appeal from an
order denying the motions in their entirety.

     We agree with plaintiff on appeal that Supreme Court erred in
denying that part of the motion to strike the affirmative defense of
primary assumption of risk.  We therefore modify the order
accordingly.  "The doctrine of primary assumption of . . . risk
generally constitutes a complete defense to an action to recover
damages for personal injuries . . . and applies to the voluntary

participation in sporting activities" (*Giugliano v County of Nassau*, 24 AD3d 504, 505; *see generally Morgan v State of New York*, 90 NY2d 471, 483-486, *rearg denied* 90 NY2d 936; *Turcotte v Fell*, 68 NY2d 432, 437-440).  Nevertheless, there are important distinctions between voluntary participation in interscholastic sports and recreation activities and compulsory participation in physical education class (*see Benitez v New York City Bd. of Educ*., 73 NY2d 650, 658-659; *Passantino v Board of Educ. of City of N.Y.*, 52 AD2d 935, 937 [Cohalan, J., dissenting], *revd on dissenting mem* 41 NY2d 1022). Inasmuch as plaintiff was participating in a compulsory physical education class and his participation in the wrestling unit was mandatory, the defense of primary assumption of risk is not applicable.  Thus, we reject defendants' contention on their cross appeal that the court erred in denying their motion for summary judgment dismissing the complaint based on that affirmative defense.

We reject the further contention of plaintiff on appeal, however, that the court erred in denying that part of the motion for summary judgment on liability.  The court properly determined that there are triable issues of fact with respect to the negligent supervision claim and the comparative fault of plaintiff in choosing an opponent that outweighed him by approximately 100 pounds.  Further, plaintiff failed to establish his entitlement to judgment as a matter of law on the issue of proximate cause.  The record is devoid of any evidence that the elbow dislocation sustained by plaintiff was the result of the weight differential between the students, rather than conduct that could occur even under the most intense supervision in the ordinary course of a wrestling unit in a middle school physical education class (*see generally Odekirk v Bellmore-Merrick Cent. School Dist*., 70 AD3d 910, 911).

Entered:  December 30, 2011                    Frances E. Cafarell
                                               Clerk of the Court