# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**308**

**CA 12-01304**

PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

STEPHEN F. MENTER, PLAINTIFF-RESPONDENT,

V                                                MEMORANDUM AND ORDER

CITY OF OLEAN, DEFENDANT-APPELLANT.

---

BOUVIER PARTNERSHIP, LLP, BUFFALO (NORMAN E.S. GREENE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FESSENDEN LAUMER & DEANGELO, JAMESTOWN (MARY B. SCHILLER OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Cattaraugus County (Michael L. Nenno, A.J.), entered February 28, 2012 in a personal injury action. The order denied defendant's motion for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking to recover damages for injuries he sustained when he slipped from a diving board at a pool owned by defendant while he was preparing to dive into the pool. Defendant moved for summary judgment dismissing the complaint on the ground that plaintiff assumed the risks associated with diving in the pool. Supreme Court denied the motion, and we affirm.

The doctrine of primary assumption of risk "generally constitutes a complete defense to an action to recover damages for personal injuries . . . and applies to the voluntary participation in sporting activities" (*Gardner v Town of Tonawanda*, 48 AD3d 1083, 1084 [internal quotation marks omitted]). Under that doctrine, "a person who voluntarily participates in a sporting activity generally consents, by his or her participation, to those injury-causing events, conditions[] and risks [that] are inherent in the activity" (*Cotty v Town of Southhampton*, 64 AD3d 251, 253; *see generally Morgan v State of New York*, 90 NY2d 471, 482-486; *Turcotte v Fell*, 68 NY2d 432, 438-440; *Belvedere v Holiday Val., Inc.*, 60 AD3d 1459, 1460). The owner of recreational premises owes a duty "to exercise care to make the conditions as safe as they appear to be. If the risks of the activity are fully comprehended or perfectly obvious, plaintiff has consented to them and defendant has performed its duty" (*Morgan*, 90 NY2d at 484 [internal quotation marks omitted]). A plaintiff, however, will not be deemed to have consented to "concealed or unreasonably increased

risks" (*id.* at 485).  Thus, in assessing whether the relevant duty has been breached, it must be determined "whether the conditions caused by the defendant['s] negligence are unique and created a dangerous condition over and above the usual dangers that are inherent in the sport" (*id.* [internal quotation marks omitted]).

Here, we conclude that defendant failed to meet its initial burden on the motion inasmuch as its submissions indicate that the nonskid material on the surface of the diving board had not been recently reapplied, and establish that the area in the middle of the diving board, from which plaintiff fell, was worn and smoother than the other areas of the board (*cf. id.* at 488; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  Even assuming, arguendo, that defendant met its initial burden on the motion, we conclude that plaintiff raised an issue of fact in opposition thereto (*see Morgan*, 90 NY2d at 488; *Zuckerman*, 49 NY2d at 562).  Plaintiff submitted evidence that he fell while walking down the middle of the diving board, that there was no nonskid material on the middle of the board, and that the area from which he fell was smooth, slippery and significantly worn.

Finally, we note that defendant's reliance on *Cook v Town of Oyster Bay* (267 AD2d 192) is of no moment.  There, the infant plaintiff slipped and injured herself while using defendant's diving board, and the Second Department reversed an order denying defendant's motion for summary judgment dismissing the complaint (*see id.* at 192-193).  Our review of the record in *Cook* reveals that the facts of that case are distinguishable from the facts presented here.  In *Cook*, the plaintiff admitted that she slipped due to a puddle of water on the diving board and that such water was "a normal thing" that was "there everyday."  Additionally, unlike this case, one of the defendant's employees in *Cook* testified that the defendant had reapplied the nonskid surface to the diving board numerous times over the years.  Here, by contrast, one of defendant's employees testified that he was not aware of any surface coatings being applied to the diving board in the two years preceding plaintiff's accident.  Another of defendant's employees testified that, although he had applied black tread and nonskid materials to the board's surface several years ago, he had not since reapplied those materials.  Finally, numerous employees of defendant admitted that the middle of the board, where plaintiff had slipped, was worn smoother than the outer edges, had less nonskid material on it, and had worn paint.

Entered:  April 26, 2013                        Frances E. Cafarell
                                                Clerk of the Court