■ Francis Freeman, Appellant, v Village of Hempstead, Respondent. [993 NYS2d 142]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), dated October 7, 2013, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The plaintiff allegedly was injured when, while attempting to dive off of a diving board into the defendant's pool, he slipped on the board's surface and fell off the board. The plaintiff alleged that a dangerous condition on the board's surface caused him to slip. He maintained that traction strips on the surface were worn down to such an extent that the surface was slippery.

Under the doctrine of primary assumption of risk, "by engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997]). One "obvious" risk inherent in the recreational activity of diving is the risk of being injured from slipping on the diving board's surface and falling off the diving board (*Cook v Town of Oyster Bay*, 267 AD2d 192, 192 [1999]). In moving for summary judgment dismissing the complaint on the ground that this action was barred by the doctrine of primary assumption of risk, the defendant failed to establish, prima facie, that the allegedly dangerous condition, consisting of the depleted traction strips, did not unreasonably increase the abovementioned risk (*see Philippou v Baldwin Union Free Sch. Dist.*, 105 AD3d 928, 930 [2013]; *Blumstein v Half Hollow Hills Cent. School Dist.*, 96 AD3d 702, 703 [2012]; *Viola v Carmel Cent. School Dist.*, 95 AD3d 1206, 1207-1208 [2012]). The defendant's submissions, which included the transcripts of a General Municipal Law § 50-h hearing and the plaintiff's deposition, demonstrated the existence of a triable issue of fact as to whether the allegedly dangerous condition unreasonably increased that risk (*see Menter v City of Olean*, 105 AD3d 1405, 1405-1406 [2013]). In view of the defendant's failure to sustain its prima

facie burden, the sufficiency of the plaintiff's opposing papers need not be considered (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Skelos, J.P., Dickerson, Austin and Duffy, JJ., concur.