# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1004**
**CA 15-00428**
PRESENT: SCUDDER, P.J., SMITH, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

JUSTIN T. BARENDS, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

TOWN OF CHEEKTOWAGA, DEFENDANT-APPELLANT.

---

CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (KATIE L. RENDA OF COUNSEL), FOR DEFENDANT-APPELLANT.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered February 6, 2015. The order denied the motion of defendant for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained in a gymnasium at a community center owned by defendant. While playing basketball there, plaintiff collided with and broke a window located near the edge of the basketball court. Supreme Court properly denied defendant's motion seeking summary judgment dismissing the complaint on the ground that plaintiff assumed the risks associated with playing basketball. It is well settled that, "by engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks [that] are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484; *see Larson v Cuba Rushford Cent. Sch. Dist.*, 78 AD3d 1687, 1687-1688). "A plaintiff, however, will not be deemed to have consented to 'concealed or unreasonably increased risks' " (*Menter v City of Olean*, 105 AD3d 1405, 1405, quoting *Morgan*, 90 NY2d at 485; *see Andrews v County of Onondaga*, 298 AD2d 837, 838). Here, even assuming, arguendo, that defendant met its initial burden on the motion, we conclude that plaintiff raised a triable issue of fact by submitting the affidavit of a licensed architect who opined that the window involved in the accident did not meet industry standards for use in a gymnasium because the glass was not covered by a protective screen, nor was it laminated or tempered to withstand impact by a person (*see Stevens v Central Sch. Dist. No. 1*, 25 AD2d 871, 872, *affd* 21 NY2d 780). Thus, there is a triable issue of fact whether defendant " 'created a dangerous condition over and above the usual dangers that are inherent

in the sport' " of basketball (*Morgan*, 90 NY2d at 485; *see Menter*, 105 AD3d at 1405-1406; *Andrews*, 298 AD2d at 838).

Entered:  October 9, 2015                                Frances E. Cafarell
                                                         Clerk of the Court